**UNITED STATES of America**

v.

**Alphonso SPARKS, III, Appellant.**

**No. 93–3021.**

United States Court of Appeals, District of Columbia Circuit.

Argued March 17, 1994.

Decided April 8, 1994.

Allen E. Burns, Asst. Federal Public Defender, argued the cause for appellant. With him on the brief was A.J. Kramer, Federal Public Defender.

Barbara A. Grewe, Asst. U.S. Atty., argued the cause for appellee. With her on the brief were Eric H. Holder, Jr., U.S. Atty., and John R. Fisher and Elizabeth Trosman, Asst. U.S. Attys.

Before: WILLIAMS, GINSBURG and SENTELLE, Circuit Judges.

Opinion for the Court filed by Circuit Judge WILLIAMS.

STEPHEN F. WILLIAMS, Circuit Judge:

Alphonso Sparks and the government dispute the meaning of an agreement pursuant to which Sparks pleaded guilty to various drug offenses (violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)). The agreement took the form of a letter from the United States Attorney to Sparks's counsel, which Sparks formally accepted. Sparks agreed to cooperate with the government—to testify fully and truthfully before grand juries and at any trials to which his testimony might be relevant, and also to participate in covert law enforcement activities at the request of the government. Agreement, § 3. The government agreed that "if the Departure Guideline Committee of the United States Attorney's Office ... determines that [defendant] has provided substantial assistance ..., then this Office will file a motion pursuant to 18 U.S.C. § 3553(e), and 5K1.1 of the federal sentencing guidelines" to support a lesser sentence than otherwise required by the guidelines or by any statutory minimum. Agreement, § 9(c). ("Substantial assistance" is precisely what those provisions identify as the predicate for a government motion to impose a lower sentence.) At the sentencing 13 months later, the government reported that, because the departure committee had determined that the defendant had not provided substantial assistance, it would not make any such motion, and at the court's request sketched its view of the defects in Sparks's cooperation.

Sparks requested a hearing before the court on the scope of his assistance, pointing to § 8(b) of the Agreement, which says that the issue of whether Sparks "performed all of the obligations under this agreement shall be determined by the Court in an appropriate proceeding." The government pointed to § 9(c), the section that governs the making of a motion under § 3553(e) or § 5K1.1. Section 9(c) provides that "determination of whether [defendant] has provided 'substantial assistance' is within the sole discretion of the United States Attorney for the District of Columbia and is not reviewable by the Court." (The full text of §§ 8 and 9 is

included as an Appendix to this opinion.) The court denied the hearing and proceeded to sentence the defendant to 120 months of incarceration and three years of supervised release.

Because we believe the government's construction of the Agreement is correct, we affirm. Moreover, because we find the Agreement clear on this point, we need not consider defendant's contention, advanced in reliance on *United States v. Rewis*, 969 F.2d 985, 988 (11th Cir.1992), that any ambiguity in a plea agreement must be resolved in his favor.

Sections 8(b) and 9(c) overlap in the sense that both relate to the defendant's cooperation. But intersection is not identity. The two sections differ importantly in (1) the range of activities covered, (2) the party specified as making the determination and the exact matter to be determined, and (3) the consequences of the determination.

First, while § 9(c) is concerned only with whether defendant's cooperation amounted to substantial assistance, § 8(b) is designed to cover a breach of *any* of the duties that defendant undertook. These included his agreement to plead guilty and to admit his guilt (§ 1); not to withdraw his plea of guilty "solely because of the harshness of the sentence imposed" (§ 5(a)); and to a number of relatively minor matters such as a waiver of witness fees (§ 6).

Second, the only determination referred to in § 9(c) is to be made by the Departure Guideline Committee, a determination of whether the defendant has "provided substantial assistance". Under § 8(b), by contrast, the court is to decide whether the defendant "has specifically performed all of [his] obligations under this agreement". That § 8(b) relates solely to the issue of the defendant's performance or non-performance is confirmed by the clause supplying the governing standard of proof, which says that the government shall (with certain exceptions) "be required to prove a breach of the agreement by a preponderance of the evidence." Breach of course would encompass the defendant's duties other than cooperation. But even in that domain, the issues under § 8(b) and § 9(c) would not be identi-

cal: the defendant might be in compliance with his duty to cooperate but nonetheless have failed—because of inadequate opportunities, for example—to have supplied "substantial assistance". The structure of § 9 itself underscores the difference: while §§ 9(a) & (b) provide that if the defendant specifically performs all his obligations the U.S. Attorney's Office will bring that fact to the attention of the court and to the Departure Guideline Committee, § 9(c) adds a bonus—the possibility of a "substantial assistance" motion.

Third, the consequences of the two determinations are altogether different. If the government establishes a breach under § 8(b), then it is freed from its promises under the agreement. These included its agreement not to charge Sparks with any offense (other than a crime of violence) committed in the District of Columbia prior to entering the plea agreement of which it had knowledge before the execution of the agreement (Agreement, § 14); not to use against Sparks information provided by him pursuant to his cooperation (subject to certain exceptions) (*id.*); and to take suitable measures to assure the defendant's safety (*id.*, § 15). The agreement spells out that once a defendant's breach is shown the government will be "released from its commitment to honor all of its obligations to [defendant]", and explains, as examples, that it could then prosecute him for non-charged or dismissed offenses and use against him all statements that he had made in the course of his cooperation. *Id.*, § 17.

Section 9(c) is far narrower, though obviously it may be much more important in many cases. The only government obligation is a contingent one: "[I]f the Departure Guideline Committee ... determines that [defendant] has provided substantial assistance ..., then this Office will file a motion pursuant to 18 U.S.C. § 3553(e), and 5K1.1". If the contingency is not fulfilled, the departure motion is not filed. Period.

Thus, despite the overlap between § 8(b) and § 9(c) in subject matter, vaguely conceived, the only intelligible reading of the agreement is that the § 9(c) procedure gov-

erns the issue addressed in § 9(c), the government's contingent obligation to file a departure motion, and the § 8(b) procedure covers efforts by the government to obtain release from its obligations under the agreement—obligations that are not contingent except in the sense that the government may be released if it can show the defendant's breach.

Apart from his unsuccessful § 8(b) theory, defendant advances no basis for review of the government's decision not to file a departure motion. The government itself concedes that its refusal to file such a motion is in principle reviewable for bad faith, as it would be under circuit law even in the absence of an agreement, *United States v. Doe*, 934 F.2d 353, 361 (D.C.Cir.1991), but the defendant asserts no bad faith. Accordingly, there was no error in the trial court's failure to conduct a hearing on the government's withholding of the sentencing motion.

The judgment of conviction is

*Affirmed.*

## APPENDIX

*Sections 8 & 9 of Plea Agreement*

8. (a) Your client understands and agrees that if he should fail to specifically perform or to fulfill completely each and everyone [sic] of his obligations under this plea agreement, then the Government will be free from its obligations under the agreement, and your client shall be fully subject to criminal prosecution for any and all crimes which he has committed.

(b) Whether or not your client has specifically performed all of the obligations under this agreement shall be determined by the Court in an appropriate proceeding. Your client's disclosures and the evidence which he has produced shall be admissible at that proceeding and, except for violations of Federal, state, or local criminal law following the execution of this agreement, this Office shall be required to prove a breach of the agreement by a preponderance of the evidence. Your client understands and agrees that this Office shall only be required to prove a violation of Federal, state and local criminal law by prob-

able cause in order to establish a breach of this agreement.

9. In return for your client's specific performance of all his obligations under this agreement, this Office agrees that:

(a) It will bring to the Court's attention at the time of sentencing, the nature and extent of your client's cooperation, or lack thereof.

(b) It will inform the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia the nature and extent of your client's cooperation, or lack thereof.

(c) In addition, if the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia after evaluating the full nature and extent of your client's cooperation, or lack thereof, determines that your client has provided substantial assistance in the investigation or prosecution of another person who has committed any offense, then this Office will file a motion pursuant to 18 U.S.C. § 3553(e), and 5K1.1 of the federal sentencing guidelines in order to afford your client an opportunity to persuade the Court that he should be sentenced to a lesser period of incarceration and/or fine than mandated by the federal sentencing guidelines, and/or any mandatory minimum sentence required by statute. Your client understands that the determination of whether he has provided "substantial assistance" is within the sole discretion of the United States Attorney for the District of Columbia and is not reviewable by the Court. Nor shall the failure of this Office to file a "substantial assistance" departure motion be grounds for your client to move to withdraw his plea of guilty in this case.