UNITED STATES of America, Appellee,

v.

Otis Mario JONES, Appellant.

No. 94–3107.

United States Court of Appeals, District of Columbia Circuit.

Argued April 6, 1995.

Decided July 7, 1995.

---

5. The station-specific data we requested in *ACT I* and *ACT II* is nowhere to be found in the record.

*See ACT II,* 932 F.2d at 1510.

Reita P. Pendry, Chief Asst. Federal Public Defender, with whom A.J. Kramer, Federal Public Defender, Washington, DC, was on the briefs, argued the cause for appellant.

Barbara A. Grewe, Asst. U.S. Atty., with whom Eric H. Holder, Jr., U.S. Atty., John R. Fisher, Elizabeth Trosman, and Shanlon Wu, Asst. U.S. Attys., Washington, DC, were on the brief, argued the cause for appellee.

Before BUCKLEY, HENDERSON, and TATEL, Circuit Judges.

Opinion for the court filed by Circuit Judge BUCKLEY.

BUCKLEY, Circuit Judge:

Appellant Otis Jones agreed to plead guilty to two criminal charges in return for certain promises from the United States Attorney. Believing that the Government had failed to meet its obligations under the plea agreement, Jones filed a motion seeking to compel it to provide him with the benefit of the bargain to which he felt entitled; specifically, to lodge a motion with the district court stating that he had provided the prosecution with "substantial assistance," thus permitting the sentencing judge to depart downward from the range established by the United States Sentencing Guidelines. Finding no breach of the agreement, we affirm the district court's denial of Jones's motion but note two concerns raised by this appeal.

## I. BACKGROUND

Appellant Jones, formerly a U.S. Postal Service employee, was indicted on one count of theft of mail by a postal employee, 18 U.S.C. § 1709, and one count of forgery on a United States Treasury check, 18 U.S.C.

§ 510(a)(1). Rather than go to trial, Jones entered into a plea agreement.

For his part, Jones agreed to plead guilty to the two counts, provide restitution of $22,821, and to cooperate fully with the Government's investigation of others who were involved in Jones's scheme. In exchange, the Government made a number of promises. It agreed not to prosecute Jones for any other economic offenses related to his Postal Service employment, to advise the sentencing judge of the full nature and extent of his cooperation with the investigation, and not to oppose Jones's receipt of a two-level downward departure under section 3E1.1 of the Sentencing Guidelines for acceptance of responsibility. In addition, it made promises that concerned Jones's ability to secure a downward departure from the range that would otherwise dictate the length of his imprisonment. The agreement provided that

[i]f Mr. Otis Jones provides information to law enforcement officers or testifies before the grand jury or at the trial of his accomplices following his guilty plea, the undersigned Assistant United States Attorney will inform the Departure Committee of the United States Attorney's Office for the District of Columbia of the nature and extent of Mr. Jones' cooperation. Should the Departure Committee of the United States Attorney's Office for the District of Columbia, after evaluating the nature and extent of Mr. Jones' cooperation, determine that Mr. Jones has provided substantial assistance in the investigation or prosecution of another person who has committed any offense, then the United States Attorney's Office for the District of Columbia will file a motion pursuant to section 5K1.1 of the United States Sentencing Guidelines in order to afford Mr. Jones an opportunity to persuade the Court that he should be sentenced to a lesser period of incarceration and/or fine than mandated by the federal sentencing guidelines.

Plea Agreement ¶ 7. The agreement also affirmed that

Mr. Jones understands that the United States Attorney's Office for the District of Columbia retains its discretion concerning whether to file a motion for a reduction in his sentence pursuant to Section 5K1.1 of the sentencing guidelines. Mr. Jones agrees that the failure of the United States Attorney's Office for the District of Columbia to file a "substantial assistance" departure motion shall not be grounds for Mr. Jones to move to withdraw his plea of guilty in this case.

Plea Agreement ¶ 10.

Section 5K1.1 of the Guidelines provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance" to the prosecution, the sentencing court may depart downward from the Guidelines' punishment range. U.S.S.G. § 5K1.1. If the Government does not file a motion, the court is precluded from departing from the range pursuant to that section of the Guidelines no matter how helpful the defendant may have been to the prosecution. *See Wade v. United States,* 504 U.S. 181, 183–84, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992). Therefore, whether the Government files a section 5K1.1 motion is extremely important to a defendant. Jones asserts that the opportunity to earn a "substantial assistance" motion from the Government was the primary inducement that motivated him to accept the Government's plea offer.

The Departure Committee failed to find that Jones had provided "substantial assistance"; as a consequence, the Government did not file a section 5K1.1 motion. Jones moved to compel the Government to do so, arguing that because he had fulfilled his part of the bargain by providing every assistance that the Government had asked of him, the Government was obligated to file the section 5K1.1 "substantial assistance" motion. The Government did not contend that Jones was other than fully cooperative. Nevertheless, it maintained that under the terms of the plea agreement, the Departure Committee retained complete discretion to determine whether Jones's assistance was "substantial."

U.S. District Judge Harold H. Greene determined that the terms of the plea agreement and legal precedent required him to deny Jones's motion. Nevertheless, he clearly felt that the Government had treated Jones unfairly. He referred to its behavior as "lousy" and went so far as to "invite,"

"encourage," and even "urge" Jones's attorney to appeal his denial of the motion. Judge Greene then sentenced Jones to eighteen months' imprisonment on each count, to run concurrently. This sentence was within the Guidelines range.

## II. DISCUSSION

When a prosecutor secures a plea with a promise, the promise must be fulfilled. *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). In other words, a plea agreement is a contract. *United States v. Pollard*, 959 F.2d 1011, 1022 (D.C.Cir.1992). As a consequence, courts will look to principles of contract law to determine whether a plea agreement has been breached. *See, e.g., United States v. Papaleo*, 853 F.2d 16, 19 (1st Cir.1988); *United States v. McGovern*, 822 F.2d 739, 743 (8th Cir.1987). As the interpretation of a plea agreement's terms is a pure matter of law, we review the district court's decision *de novo*. *Pollard*, 959 F.2d at 1023.

Jones believes that the only reasonable interpretation of his agreement is that if he did what he was asked to do, the Government would file the substantial assistance motion. He contends that he provided all the information the Government requested and, in fact, all the information the Government could reasonably have expected him to possess when it entered into the agreement. The Government does not dispute his claim of complete cooperation. Instead, it construes the contract as vesting in the Departure Committee the sole power to determine whether that cooperation constituted "substantial assistance."

The plain language of the plea agreement clearly supports the Government's interpretation. Paragraph 7 obligated the Assistant U.S. Attorney handling the case to inform the Departure Committee of Jones's assistance, and it required the U.S. Attorney's Office to file a section 5K1.1 motion only if that Committee "[s]hould ... determine that [he] ha[d] provided substantial assistance." The agreement does not obligate the Departure Committee to make a finding of "substantial assistance" if Jones fully cooperates with the prosecution. In fact, paragraph 10

of the agreement disclaims any such obligation by stating that "the United States Attorney's Office for the District of Columbia retains its discretion concerning whether to file a [substantial assistance] motion."

In *United States v. Sparks*, 20 F.3d 476 (D.C.Cir.1994), we reviewed a challenge to the U.S. Attorney's Office's failure to file such a motion under a nearly identical plea agreement. In that case, the agreement provided that

> if the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia after evaluating the full nature and extent of your client's cooperation, or lack thereof, determines that your client has provided substantial assistance in the investigation or prosecution of another person who has committed any offense, then this Office will file a motion pursuant to 18 U.S.C. § 3553(e), and 5K1.1 of the federal sentencing guidelines....

*Sparks*, 20 F.3d at 479. We found that this language created only a contingent obligation and that "[i]f the contingency is not fulfilled, the departure motion is not filed. Period." *Id.* at 478. There is no material difference between the *Sparks* provision and the language at issue in this case. Because the Departure Committee did not find that Jones had provided substantial assistance, the contingency was not met and the Government had no obligation to file the motion. Nothing in the agreement suggests that if Jones volunteered all the information that he had, or all that was asked for, the Government would be bound to file the motion.

\*   \*   \*

Although we are satisfied that the Government fulfilled its obligations under the plea agreement, two aspects of this case trouble us. First, the U.S. Attorney enjoys extraordinary power under section 5K1.1 because, by its terms, a motion of the Government is a prerequisite to the exercise of judicial discretion to depart below the Guidelines range. *See United States v. Justice*, 877 F.2d 664, 667 (8th Cir.1989). This power makes us sensitive to the concern expressed by Jones and shared by Judge Greene; namely, that prosecutors might dangle the suggestion of a

section 5K1.1 motion in front of defendants to lure them into plea agreements, all the while knowing that the defendant's cooperation could not possibly constitute assistance valuable enough for the Departure Committee to find it "substantial." *Cf. United States v. Fairchild,* 940 F.2d 261, 266 (7th Cir.1991) (admonishing the Government to be forthcoming about what will constitute "substantial assistance").

Often, of course, the Government will not know prior to the plea agreement whether a defendant will be capable of providing substantial assistance; counsel for the Government assures us that this was the case here. But we are troubled by counsel's concession, at oral argument, that the contingent promise at issue here is standard plea agreement fare, regardless of individual circumstances. The Government's claim that its interest in maintaining its reputation for fairness among criminal defendants guarantees the judicious exercise of its ability to promise to *consider* filing a section 5K1.1 motion, *see United States v. Doe,* 934 F.2d 353, 358 (D.C.Cir. 1991); *United States v. Rexach,* 896 F.2d 710, 714 (2d Cir.1990), is undermined by the use of boiler-plate provisions.

■ Second, the Government's contention at oral argument that, under the terms of its agreement with Jones, its decision not to file a departure motion can only be reviewed for constitutional infirmities proves too much. Even in the absence of any contractual arrangement, the Government's decision not to file a section 5K1.1 motion, like any other prosecutorial decision, is subject to constitutional limitations. *Wade,* 504 U.S. at 183–84, 112 S.Ct. at 1843–44. The plea agreement, however, provides additional protection for Jones. Like all contracts, it includes an implied obligation of good faith and fair dealing. Restatement (Second) of Contracts § 205 (1981); *see also Sparks,* 20 F.3d at 479 (noting Government's concession that nonperformance of its contingent obligation in plea agreement is reviewable for bad faith). Thus, while the plea agreement did not guarantee Jones a section 5K1.1 motion, we believe it did guarantee fair dealing. In addition to explicitly obliging the prosecutor to present the Departure Committee with accurate information as to the nature and extent of Jones's cooperation, the agreement implicitly required the Committee to consider that evidence and, if it believed the assistance to be "substantial," to so find. In other words, Jones was entitled to an honest and fully informed evaluation by the Committee. *See Rexach,* 896 F.2d at 713 ("where the explicit terms of a cooperation agreement leave the acceptance of the defendant's performance to the judgment of the prosecutor, the prosecutor may reject the defendant's performance provided he or she is honestly dissatisfied").

■ In this case, Jones does not allege that the Government acted in bad faith. Because a defendant is not privy to the deliberations and actions of the U.S. Attorney's Office, however, a defendant will face enormous difficulty in supporting such a charge. To ameliorate this problem and to provide both the trial judge and a reviewing court with information that might help them weigh an allegation of bad faith, we suggest that prosecutors who enter into agreements like the one before us, but subsequently fail to file a section 5K1.1 motion, summarize for the district court what information they provided the Departure Committee, while at the same time safeguarding information that could compromise an ongoing investigation or endanger the defendant or others, together with any explanation, similarly circumscribed, that the Committee may have offered for finding the defendant's assistance to be insubstantial.

With these notes of caution, the judgment of the district court is

*Affirmed.*