**IN RE: SEALED CASE**

No. 00–3049.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 5, 2001.

Decided April 10, 2001.

Mary Manning Petras, appointed by the court, argued the cause and filed the briefs for appellant.

Suzanne Grealy Curt, Assistant United States Attorney, argued the cause for appellee. With her on the brief were Wilma A. Lewis, United States Attorney, John R. Fisher, Mary–Patrice Brown, and John P. Gidez, Assistant United States Attorneys.

Before: HARRY T. EDWARDS, Chief Judge, GINSBURG and TATEL, Circuit Judges.

EDWARDS, Chief Judge:

This is an appeal from sentencing. Appellant entered into a boilerplate plea agreement, in which he agreed to plead guilty to two counts of a seven count indictment in exchange for certain assurances from the Government. Among those assurances was a promise that the Departure Guideline Committee would authorize filing a § 5K1.1 motion for downward departure if it determined that appellant had "provided substantial assistance" to the prosecutor. It is undisputed that appellant aided authorities in the successful prosecution of another person. It is also undisputed that appellant refused at the eleventh hour to testify against two different persons in an unrelated prosecution. The Committee did not authorize the § 5K1.1 motion.

Believing that the Committee had violated the plea agreement, appellant filed a motion with the District Court to compel

the Government to file a § 5K1.1 motion. The District Court denied appellant's motion and sentenced him to concurrent sentences, of 101 and 60 months, for distribution of cocaine and unlawful possession of a firearm. Although the plea agreement is hardly a model of clarity, we nonetheless can find no basis upon which to overturn the judgment of the District Court. The principal point in this case is that, despite appellant's protestations to the contrary, it cannot be said that the Committee violated the plea agreement. Absent such a violation, the District Court had no authority to grant appellant's motion and thereby undermine the Government's discretion to determine whether or not to file a § 5K1.1 motion.

## I. BACKGROUND

Following arrest on a seven-count drug and weapons indictment, appellant and the government entered into a standard written plea agreement. In addition to pleading guilty on two counts of the indictment, appellant agreed to "cooperate truthfully, completely and forthrightly ... in any matter as to which the Government deems the cooperation relevant." Plea Agreement ¶ 5(a). Such cooperation included testifying "fully and truthfully before any Grand Jury ... and at all trials of cases or other court proceedings ... at which [appellant's] testimony may be deemed relevant by the Government." *Id.* ¶ 5(d). Appellant also agreed that the Government would be free from all obligations under the agreement if appellant "fail[ed] to specifically perform or to fulfill completely each and every one of [appellant's] obligations under [the] plea agreement." *Id.* ¶ 14.

In exchange the Government promised not only to dismiss the remaining five counts of the indictment, but also to inform the Departure Guideline Committee of the "nature and extent" of appellant's cooperation, "or lack thereof." *Id.* ¶ 17. (In the District of Columbia, the Departure Committee, rather than the individual prosecutor in charge of the case, decides whether a defendant's assistance warrants filing a

§ 5K1.1 motion, *i.e.,* whether it is "substantial.") If the Departure Committee thereafter determined that appellant "had provided substantial assistance in the investigation or prosecution of another person who has committed an offense," the plea agreement obligated the Government to file a departure motion pursuant to § 5K1.1. *Id.* ¶ 18. However, the agreement warned that "the determination of whether [appellant] has provided 'substantial assistance in the investigation or prosecution of another person,' pursuant to either Section 5K1.1 ... or 18 U.S.C. § 3553(e) ... is within the sole discretion of the United States Attorney for the District of Columbia and is not reviewable by the Court." *Id.* ¶ 6.

Appellant does not here dispute that, prior to entering into the plea agreement, the Government informed appellant that it would require his participation in two ongoing cases as part of the cooperation agreement. Following entry of the plea agreement, appellant provided information and testimony as requested in the first case. The Government here concedes that appellant's assistance helped, in part, to secure superseding drug indictments against several individuals who thereafter pled guilty. Government's Br. at 9.

The Government here also concedes that appellant provided helpful information to law-enforcement officers during the investigation phase of the second case. Government's Br. at 8. In the midst of trial, however, appellant made an eleventh-hour decision not to testify as a witness, ostensibly for fear that something might happen to him or his family. He ceased helping the Government with the case. Nevertheless, the Government secured convictions.

The prosecutor informed the Departure Committee of appellant's cooperation in both cases, and lack thereof, as well as appellant's reasons for refusing to testify at trial in the second. In light of that information, the prosecutor recommended that the Departure Committee authorize filing a § 5K1.1 motion seeking a "modest

departure" from the District Court. The Departure Committee disagreed, however, and refused to authorize the downward departure motion. Although the Departure Committee itself did not provide any reason for its decision, Government counsel at sentencing informed the District Court that two of the Departure Committee members had told him that appellant's request had been denied because he refused to testify at trial in the second case.

Appellant filed a motion to compel the Government to lodge a § 5K1.1 substantial assistance motion in conformity with the plea agreement. Following three different hearings and additional briefing on the issue, the District Court ultimately denied appellant's motion and sentenced him without considering a possible downward departure for his assistance in the two cases. This appeal followed.

## II. Analysis

■ In the absence of a plea agreement, the Government has broad discretion to file a substantial assistance motion. If the Government declines to file such a motion, the District Court can grant relief only upon a showing of unconstitutional motive or a failure to meet the fundamental requirement that the Government's actions bear a rational relationship to some legitimate government objective. *Wade v. United States*, 504 U.S. 181, 185–86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992); *accord In re Sealed Case*, 181 F.3d 128, 142 (D.C.Cir.) (en banc), *cert. denied*, 528 U.S. 989, 120 S.Ct. 453, 145 L.Ed.2d 369 (1999). The Government's discretion may be constrained, however, by a plea agreement. When the prosecutor reneges on an agreement to afford a defendant the benefit of a § 5K1.1 motion, the District Court may, upon request, compel the filing of the motion if the Government's refusal amounted to bad faith or otherwise violated the express terms of the plea agreement. *In re Sealed Case*, 181 F.3d at 142; *accord United States v. Jones*, 58 F.3d 688, 692 (D.C.Cir.1995). In the instant case, the only issue before us is whether the Departure Committee breached the plea agreement.

■ The disputed plea agreement obliges the Departure Committee to evaluate appellant's cooperation, or lack thereof, and determine whether that cooperation rises to the level of substantial assistance; it conditionally obliges the United States Attorney to file a § 5K1.1 motion if the Departure Committee makes that determination in appellant's favor. Plea Agreement ¶ 18. But that is all. In signing the agreement, the Government did not relinquish—indeed it expressly preserved—its broad discretion to decide what constitutes substantial assistance in a given case and whether appellant's cooperation fits that bill:

> Your client understands that the determination of whether your client has provided "substantial assistance in the investigation or prosecution of another person," pursuant to either Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e), as more fully explained later in this agreement, *is within the sole discretion of the United States Attorney for the District of Columbia and is not reviewable by the Court.*

*Id.* ¶ 6 (emphasis added). Nevertheless, appellant here argues that the Departure Committee's unexplained refusal amounted to a breach of the plea agreement. We disagree.

The bulk of appellant's argument is, at bottom, a factual dispute. Appellant asserts that "the Government," as a factual matter, found that his assistance in the first case was substantial, but still refused to file the motion in contravention of its conditional obligation under Paragraph 18 of the agreement. By employing the catch-all term "the Government," appellant conflates the prosecutor and the Departure Committee. It is true that the prosecutor assigned to appellant's case believed that appellant's full assistance in the first case, even in conjunction with his aborted assistance in the second, satisfied the re-

quirement of "substantial assistance." Indeed, in his report to the Departure Committee, the prosecutor recommended a modest departure request. But, appellant offers no record evidence that the Departure Committee—the decisionmaker of moment under the agreement—ever determined that appellant's assistance was "substantial."

Because the Committee offered no explanation of its decision, appellant asks this court to infer that the Committee agreed with the prosecutor's assessment of the quality of appellant's assistance but nevertheless refused to authorize the motion as punishment for appellant's failure to cooperate fully under the agreement. If indeed appellant could somehow demonstrate that his assistance clearly exceeded some objective threshold of substantialness, such a demonstration might allow us to make the requested inference. But therein lies the problem for appellant: there is no exogenous "objective" meaning of the term "substantial," and the agreement itself does nothing to provide one. Absent some specific criteria in the agreement itself for assessing the quality of appellant's assistance, this court cannot simply *presume* from the Committee's silence that it violated the plea agreement.

Appellant offers one possible counter. He observes that whatever "substantial assistance" means under the agreement, it cannot mean to "cooperate . . . completely . . . in any matter as to which the Government deems the cooperation relevant." Plea Agreement ¶ 5(a); *cf. United States v. Sparks*, 20 F.3d 476, 478 (D.C.Cir.1994) (holding that the duty to cooperate and substantial assistance provisions were independent of one another). This is so, appellant argues, because Paragraph 18 states, "if the Departure Committee . . . after evaluating the full nature and extent of [appellant's] cooperation, *or lack thereof,* determines [appellant] has provided substantial assistance," the Government will file the § 5K1.1 motion. Plea Agreement ¶ 18 (emphasis added). Relying on this distinction, appellant contends that the Committee's own *ex parte* admissions re-

veal that it refused to authorize the motion not because appellant's assistance was insubstantial, but rather because he refused to testify in the second matter.

"Or lack thereof" certainly implies the possibility that, in at least some cases, partial cooperation under the agreement will suffice; it also certainly implies that the Committee will at least *consider* appellant's partial cooperation. But the mere fact that Paragraph 18's boilerplate language does not explicitly make full cooperation a necessary condition to "substantial assistance" in every conceivable case says nothing about whether the Committee deemed it a necessary, sufficient, or even insufficient one *on the facts of appellant's case. Compare Jones,* 58 F.3d at 691 (holding that the Departure Committee's refusal was not a breach of nearly identical boilerplate provision despite the fact that appellant had cooperated fully under the agreement). A finding here that the Committee did not authorize the motion because appellant failed to testify in the second case is not inconsistent with a finding by the Departure Committee that the remainder of his assistance, standing alone, was not sufficient to merit a § 5K1.1 motion.

Asserting that it is no better for this court to presume from the Committee's silence that the Government did not breach the plea agreement than to presume that it did, appellant argues in the alternative that the District Court should have granted his request for an order commanding the Departure Committee to provide an explanation for its decision or compelling the disclosure of any relevant records regarding the decision for *in camera* inspection. As authority for this unusual intrusion into prosecutorial decisionmaking, appellant points us to the following passage from our decision in *Jones*:

> Because a defendant is not privy to the deliberations and actions of the U.S. Attorney's Office . . . a defendant will face enormous difficulty in supporting [a

charge of bad faith]. To ameliorate this problem and to provide both the trial judge and a reviewing court with information that might help them weigh an allegation of bad faith, we suggest that prosecutors who enter into agreements like the one before us, but subsequently fail to file a section 5K1.1 motion, summarize for the district court what information they provided the Departure Committee, while at the same time safeguarding information that could compromise an ongoing investigation or endanger the defendant or others, together with any explanation, similarly circumscribed, that the Committee may have offered for finding the defendant's assistance to be insubstantial.

*Jones,* 58 F.3d at 692. If we grant for the moment that the preceding passage is more than mere suggestion, both the District Court and the prosecutor in the present case complied with the above-outlined procedure in its entirety. The prosecutor summarized for the District Court the information and recommendation he gave to the Committee regarding the nature and extent of appellant's assistance; he provided the District Court with the limited *ex parte* explanations he had received regarding the Departure Committee's decision; he even delivered a letter from appellant's counsel raising these substantive issues to the Departure Committee, which, upon review, affirmed its decision that a § 5K1.1 motion was not warranted.

Though transparency is to be applauded, nothing in the *Jones* passage purports to allow, much less require, the District Court to demand an explanation or look behind the decision absent a more potent threshold showing of bad faith or unconstitutional motive. Moreover, it is clear from the sentencing and motion hearing transcripts that the trial judge refused to demand an explanation because he was satisfied on the record at hand that the Departure Committee had determined that appellant's assistance was not substantial because he did not testify in the second case. In short, the record offers nothing to support the claim that the Dis-

trict Court erred in denying appellant's request.

\* \* \* \* \*

Though we are convinced from the record that the Government did not breach the plea agreement in the present case, we pause to emphasize some of the concerns we expressed six years ago in *Jones.* There, the Departure Committee refused to authorize filing a § 5K1.1 motion despite the fact that Jones had cooperated fully under a similar boilerplate plea agreement. We held that the terms of the agreement did not make full cooperation a sufficient condition for finding that a defendant's assistance was substantial. Nevertheless, the court was deeply concerned that "prosecutors might dangle the [boilerplate] suggestion of a section 5K1.1 motion in front of defendants to lure them into plea agreements, all the while knowing that the defendant's cooperation could not possibly constitute assistance valuable enough for the Departure Committee to find it 'substantial.'" *Jones,* 58 F.3d at 691–92. The facts of the present case admittedly are not as troubling as *Jones,* for appellant here did not cooperate fully. But the Government's use of the same basic boilerplate provision in appellant's agreement six years later raises similar concerns.

Whereas the Government is a repeat player in this ritual, each defendant approaches the provisions of his plea agreement anew with the understandable belief that the agreement and its terms are tailored to that defendant's particular circumstance. By indiscriminately implying in each and every case not only that a § 5K1.1 motion is a possibility, but also that partial cooperation might in a given case be sufficient, the agreement is arguably deceptive. Take appellant for example. Prior to signing the agreement, appellant knew that the Government would be seeking his cooperation in two cases, each involving multiple defendants. With that context in mind and faced with phras-

es such as "another person" and "or lack thereof," appellant could reasonably have believed that the Committee might authorize a § 5K1.1 motion if he assisted in at least one of the cases and that assistance led to the prosecution of at least one person. Indeed, in weighing the costs and benefits of testifying in the second case, he may very well have considered the fact that his fruitful assistance to that point already gave him at least some chance at a § 5K1.1 motion. We are therefore troubled by the Government's suggestion at oral argument that nothing in the agreement obligates the Government ever to authorize a § 5K1.1 motion absent full cooperation. While that may be true, the agreement certainly does not, as it could, make that clear.

The value of a plea agreement to a defendant grappling with the question of whether or not to waive his right to a trial necessarily increases with the number of chances the plea agreement gives him to earn a substantial assistance motion. A defendant is playing the odds, and those odds are not only a crucial term in the bargain itself but also a guide for informing a defendant's actions thereafter. As currently written, the boilerplate provisions suggest to defendants, such as appellant, that their chances at a motion may be greater than they are. There is no good reason for the Government not to take the necessary extra step to insert more explicit and well-tailored caveats into its plea agreements. Indeed, "[t]he Government's claim that its interest in maintaining a reputation for fairness among criminal defendants guarantees judicious exercise of its ability to consider filing a section 5K1.1 motion ... is undermined by the use of boiler-plate provisions." *Jones*, 58 F.3d at 692 (citations omitted).

In the end, the boilerplate § 5K1.1 provisions give defendants very little, if anything, as a substantive matter, for, with or without the plea agreement in question, the Government has broad discretion to file a § 5K1.1 motion. The Government's continued failure to acknowledge that fact in the language of the plea agreement itself leads to the untoward conclusion that the Government fully appreciates, and does not wish to lose, the benefits accorded it by the imprecision of its boilerplate provisions.

### III. CONCLUSION

For the foregoing reasons, the judgment of the District Court is affirmed.