**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4243**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID ONELIO ESPAILLAT,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Rebecca Beach Smith, District Judge. (4:04-cr-00147-WDK-001)

_____

Submitted:  October 21, 2011       Decided:  November 1, 2011

_____

Before DAVIS, KEENAN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Rodolfo Cejas II, Assistant Federal Public Defenders, Norfolk, Virginia, for Appellant.  Lisa Rae McKeel, Assistant United States Attorney, Newport News, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Onelio Espaillat appeals the twenty-four-month sentence imposed upon revocation of his term of supervised release. Espaillat's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the sentence is plainly unreasonable because the district court failed to consider the Chapter Seven policy statement range, improperly considered factors not permitted by 18 U.S.C. § 3583(e) (2006), and opined that supervised release was a privilege. Espaillat was advised of his right to file a pro se supplemental brief, but he did not file one. We affirm.

We will not disturb a sentence imposed after revocation of supervised release that is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437-39 (4th Cir. 2006). In making this determination, we first consider whether the sentence is unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks and citations omitted).

Although a district court "ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum," Crudup, 461 F.3d at 439 (internal quotation marks omitted), the court must consider the Chapter Seven policy statements in the federal Sentencing Guidelines manual, as well as the statutory requirements and factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006). Chapter Seven provides that "at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2010). Section 3583 approves consideration of a majority of the factors listed in § 3553(a), omitting only two. 18 U.S.C. § 3583(e). Among the omitted factors is the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

Citing Crudup, Espaillat contends that his sentence is plainly unreasonable because the district court improperly considered the need to promote respect for the law, the seriousness of the offense, and the need for just punishment. We conclude that the district court's observations regarding the seriousness of Espaillat's offense and the need to provide just

3

punishment and promote respect for the law were relevant to other required considerations, including "the nature and circumstances of the offense and the history and characteristics of the defendant," adequately deterring criminal conduct, and protecting the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C). The district court noted Espaillat's failure to abide by the terms of his supervised release, a factor relevant to Chapter Seven's policy that a revocation sentence should focus on the breach of the court's trust. Moreover, the district court expressly considered the factors in § 3553(a) that are applicable to revocation sentences. We conclude that in light of the district court's articulation of factors specifically listed in § 3583, consideration of other factors did not render Espaillat's sentence plainly unreasonable.

Espaillat also contends that his sentence was plainly unreasonable because the district court did not specifically reference the Chapter Seven policy statement sentencing range. Consideration of the range was implicit in the court's ruling in light of defense counsel's concession at the revocation hearing that a sentence within that range was not necessarily supported by the circumstances of Espaillat's case and the court's detailed reasoning for imposing the statutory maximum sentence. United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995).

We further reject Espaillat's contention that the district court committed reversible error by referring to supervised release as a privilege. First, the district court's view of supervised release as a privilege, in a general sense, is not erroneous. See generally United States v. Johnson, 529 U.S. 53, 59 (2000) ("Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration."). Second, Espaillat points to no legal authority prohibiting the district court from viewing supervised release as a privilege. We therefore find no error in the district court's expression of its opinion that supervised release is a privilege.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm. This court requires that counsel inform their client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on their client. We dispense with oral argument because the facts and legal contentions are adequately presented in the

5

materials before the court and argument would not aid the decisional process.

AFFIRMED