# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued February 7, 2012          Decided July 3, 2012

No. 08-3027

IN RE: SEALED CASE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:07-cr-00053-1)

———

Before: GARLAND and GRIFFITH, *Circuit Judges*, and
WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* GRIFFITH.

GRIFFITH, *Circuit Judge*: Appellant pled guilty to RICO
conspiracy and was sentenced to a term of imprisonment. He
appeals, arguing that his conviction was obtained in violation
of *Kastigar v. United States*, 406 U.S. 441 (1972), that he
received ineffective assistance of counsel, and that the
government breached his plea agreement. For the reasons
below, we remand for the district court to consider certain of
his claims of ineffective assistance, but deny his appeal in all
other respects.

I

In 2006, appellant was arrested and charged with two felonies. During questioning, law enforcement officials learned that appellant was a member of a gang. Thinking he could help in their investigation of a rival gang, prosecutors from the U.S. Attorney's Office interviewed appellant as well.

The interview was conducted subject to the terms of a debriefing agreement, signed by appellant, that provided, "No statements made by [appellant] during the interview(s) will be used against him in the government's case-in-chief in any criminal prosecution, other than a prosecution for perjury, giving a false statement, or obstruction of justice." The agreement also provided, "The government may use against [appellant] information directly or indirectly derived from statements he makes or other information he provides during the interview(s), and may pursue and use against him the fruits of any investigative leads suggested by such statements or other information." The purpose of this provision was "to eliminate the necessity for a *Kastigar* hearing, at which the government would have to prove that the evidence it would introduce at trial is not tainted by any statements or other information given by [appellant]."

Following the interview, appellant continued to cooperate in the investigation of the rival gang. He pled guilty to one count of conspiracy to participate in a racketeer influenced corrupt organization (RICO), which carries a Sentencing Guidelines range of thirty years to life in prison. In support of that plea, appellant admitted that he was a member of a gang and that he conspired with other members of the gang to traffic in narcotics and to commit acts of violence, including attempted murder, to protect and enrich the gang. In return, the government dropped the charges for which appellant had

been arrested and agreed to release him pending sentencing so that he could continue to help with the investigation from the street.

The plea agreement allowed that the prosecution *could* ask the court to revoke appellant's release at any time and that it *would* do so if he violated the conditions of his release, engaged in misconduct, or failed to continue to cooperate. The agreement also provided that the government would file a motion for a downward departure from the Sentencing Guidelines if appellant provided substantial assistance in the investigation of the rival gang. The plea agreement also included an integration clause prohibiting any modification not made on the record in open court or in a writing signed by all the parties.

After appellant was released, the police received information that he had attempted to commit an assault. The government deemed this a violation of the plea agreement and asked the court to issue a warrant for his arrest. The court issued the warrant, and the police arrested appellant. At the bond hearing, appellant denied any wrongdoing. The district court responded that the plea agreement allowed the government to request an arrest warrant for any reason. At subsequent hearings, appellant claimed that the government had broken its promise to seek his release following his grand jury testimony. The district court rejected the claim, relying on the government's argument that the prosecutor who had made this promise lacked authority to do so.

Despite its troubles with appellant, as promised, the prosecution filed a motion for a downward departure from the Sentencing Guidelines. Appellant had given the government substantial help, including grand jury testimony and information about multiple homicides. The district court

granted the government's motion and sentenced appellant. He now appeals, and we exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

II

Appellant first argues that the government obtained the information underlying his RICO conviction in violation of *Kastigar v. United States*, 406 U.S. 441 (1972), and that the district court committed plain error in failing to hold a *Kastigar* hearing before accepting his plea.

In *Kastigar*, the Supreme Court held that the Fifth Amendment bars the compelled disclosure of self-incriminating information unless the government first grants the witness "[i]mmunity from the use of compelled testimony, as well as evidence derived directly and indirectly therefrom." *Id.* at 453. Even with such immunity, in any later prosecution of the witness, the government must prove at a so-called *Kastigar* hearing that "all of the evidence it proposes to use was derived from legitimate independent sources" and not from the compelled disclosure. *Id.* at 461-62. There is nothing in this recitation of fundamental principles that benefits appellant for the simple reason that the government did not compel him to provide any incriminating information; he did so voluntarily pursuant to the debriefing agreement. Not only is the record free of any suggestion of compulsion, the debriefing agreement itself contains an acknowledgment that appellant "fully under[stood]" the agreement and "voluntarily agree[d]" to enter into the conversations with the government that in due course, according to appellant, led to his disclosure of the information used to establish his guilt. *Kastigar* simply does not apply. *United States v. Hemphill*, 514 F.3d 1350, 1355 (D.C. Cir. 2008) ("[W]hen . . . a witness provides

information voluntarily, the government is not obligated to agree to any particular scope of immunity.").

The debriefing agreement alone determines the scope of appellant's immunity, *id.*, and its terms are clear. The agreement expressly allowed the government to use against him the information he provided in order to eliminate the need for a *Kastigar* hearing. The government promised only that no use would be made of appellant's statements in its case-in-chief, yet appellant's decision to plead guilty meant there was no case-in-chief. Therefore, the government did not need an independent source for the information it used to draft the charges against appellant, and the district court did not err when it failed to convene a hearing on the matter.

III

Appellant argues that he received ineffective assistance from his counsel, who he alleges failed to request a *Kastigar* hearing or to adequately explain the scope of immunity appellant was promised under the debriefing agreement, and recommended that appellant plead guilty to the more serious RICO charge instead of negotiating a plea bargain to the original charges he faced.

With respect to the *Kastigar* hearing, there was nothing deficient about counsel's failure to seek something to which appellant was not entitled. There can be no claim of ineffective assistance in the absence of deficient conduct by counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the other claims of ineffective assistance, we agree with appellant and the government that we should remand those claims to the district court for factual development. Appellee's Br. 24. Appellant raised the claims for the first time on appeal, and we cannot tell from the record

whether he is entitled to relief. *See United States v. Mouling*, 557 F.3d 658, 668-69 (D.C. Cir. 2009).

IV

Appellant argues that the government breached its obligations under the plea agreement by revoking his release. A "plea agreement is a contract," and "courts will look to principles of contract law to determine whether a plea agreement has been breached." *United States v. Jones*, 58 F.3d 688, 691 (D.C. Cir. 1995). The plea agreement gives the government discretion to ask the court to return appellant to detention pending sentencing at any time for any reason. The agreement provides, "Your client understands and agrees that at any time the Government can ask that your client be detained pending sentencing." Bound to use that discretion in good faith, *see id.* at 692, the record makes clear the government did. The government sought appellant's detention only after receiving information that he had attempted an assault. Although appellant disputed this allegation, the question for this court is not whether the attempt occurred, but whether the government acted in good faith on the information it possessed.

Appellant also claims that the government reneged on a promise by one of the prosecutors to release him again if he testified before a grand jury. The government concedes that the promise was made but argues that the prosecutor had no authority to do so. We need not resolve the question of the prosecutor's authority because the government obtained nothing from the promise to which it was not already entitled; the plea agreement already required appellant to testify upon the government's request. Moreover, the integration clause barred all modifications to the plea agreement except those

made on the record in open court or in a writing signed by all parties. The prosecutor's oral promise was neither.

Lastly, appellant suggests that the government was obligated to release him a second time because the prosecutor's promise induced him to enter his plea. *See Santobello v. New York*, 404 U.S. 257, 262 (1971) (explaining that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled"). But appellant's timing is off. He entered the plea agreement months before the prosecutor made this promise.

V

For the foregoing reasons, we remand this matter to the district court to assess the merits of three of appellant's four ineffective assistance claims. We deny his appeal in all other respects.

*So ordered.*