# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued February 11, 2014          Decided July 22, 2014

No. 12-3111

UNITED STATES OF AMERICA,
APPELLEE

v.

ROBERT HENRY,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:12-cr-00180-1)

*Tony Axam Jr.*, Assistant Federal Public Defender, argued the cause for appellant. With him on the briefs was *A.J. Kramer*, Federal Public Defender.

*Katherine M. Kelly*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Ronald C. Machen Jr.*, U.S. Attorney, and *Elizabeth Trosman*, *Chrisellen R. Kolb*, and *Julieanne Himelstein*, Assistant U.S. Attorneys.

Before: KAVANAUGH and PILLARD, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

PILLARD, *Circuit Judge*: Robert Henry was arrested and charged with two sex offenses. In exchange for his guilty plea on both counts, the government promised that the prosecutor would inform the Departure Guideline Committee of the United States Attorney's Office about the nature and extent of Henry's cooperation, and, if the Committee approved a downward departure motion, that the prosecutor would file such a motion with the district court. Henry had in fact promptly cooperated with authorities, and as a result of his cooperation, two other men were investigated and prosecuted for child pornography offenses. The prosecutor so informed the Departure Committee, but the Committee nonetheless declined to authorize a motion requesting that the district court depart from the U.S. Sentencing Guidelines based on substantial assistance under Guideline section 5K1.1.

At his sentencing hearing and now on appeal, Henry asserts that the government breached the plea agreement by failing to tell the Departure Committee the complete "nature and extent" of his cooperation. In the alternative, Henry argues that the district court failed to explore adequately the government's reasons for declining to file a departure motion. Because Henry identifies no difference between the information he concedes the prosecutor provided to the Departure Committee and what he believes the prosecutor should have provided, and because the prosecutor summarized for the district court both the information that the prosecutor presented to the Committee and the Committee's basis for declining to approve the departure motion, we affirm.

**I**

Henry was arrested in May 2012 and charged with one count of persuading or coercing an individual to travel to engage in sexual activity for which a person can be charged with a criminal offense, and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2422(a) and 2252A(a)(5)(B), respectively. As Henry's counsel described, those charges stemmed "from Mr. Henry's use of the internet to engage in conversations with a person (an undercover police officer) purporting to have sex with his twelve year old daughter." Def.'s Sentencing Mem. at 1 (Nov. 29, 2012). Specifically, "[f]or approximately three weeks, Mr. Henry and the undercover officer engaged in conversations and Mr. Henry ultimately agreed to meet the [undercover officer] and his daughter" with the purpose of allowing Henry to have sexual relations with her. *Id*. Henry was arrested when he went to meet the undercover officer and the officer's purported daughter. He admitted to the police that he had videos of child pornography on his cell phone, a search of which recovered a number of such videos.

In early September 2012, Henry executed an agreement with the government, pleading guilty to both counts charged. As relevant here, the government undertook the following obligations in the plea agreement:

> This Office will inform the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia about the nature and extent of your client's cooperation.[1] If the Departure

---

[1] In the District of Columbia, a committee at the U.S. Attorney's Office, rather than the individual prosecutor in charge of a case,

Guideline Committee of the United States Attorney's Office for the District of Columbia, after evaluating the full nature and extent of your client's cooperation, determines that your client has provided substantial assistance, then this Office will file a departure motion pursuant to Section 5K1.1 and 18 U.S.C. § 3553(e). In the event this Office, in its sole discretion, decides to file a departure motion pursuant to Section 5K1.1 and 18 U.S.C. § 3553(e), your client will be afforded an opportunity to persuade the Court that he should be sentenced to a lesser period of incarceration than otherwise required by either the Sentencing Guidelines or any applicable mandatory minimum sentence established by statute. However, notwithstanding a determination by the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia that your client has provided substantial assistance, in the event your client should fail to specifically perform and fulfill completely each and every one of your client's obligations under this plea agreement, then, the Government will be free from its obligations under the agreement, including but not limited to its obligations to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e).

Plea Agreement at 12 (Sept. 7, 2012).

Henry had promptly cooperated with authorities, and, as a result of his cooperation, two other men were investigated and prosecuted for child pornography offenses. Before sentencing, the government filed a proffer with the district

---

decides whether to file a substantial assistance motion. *See In re Sealed Case*, 244 F.3d 961, 963 (D.C. Cir. 2001).

court outlining Henry's cooperation. It stated that "[a]lmost immediately" Henry assisted authorities by going online to talk with targets from whom Henry had received child pornography. Cooperation Proffer at 1 (Dec. 5, 2012). Henry introduced one named target to an undercover officer. That target sent child pornography to the officer, was arrested, and pled guilty to one count of distribution of child pornography in the U.S. District Court for the District of Columbia. *Id*. at 1-2. The proffer also stated that Henry had facilitated the identification and investigation of a second target, who had a prior conviction for child pornography, was a registered sex offender, and was "being prosecuted" but that "[a]t the time of this writing . . . it is unknown what disposition of that case, if any, has occurred." *Id*. at 1.

At some point before the signing of the plea agreement, the prosecutor asked Henry whether he had had any hands-on sexual contact with children, which Henry denied. But that was unfortunately not the case. In November 2011—before he was arrested in this case—Henry, then 22, had traveled from the District of Columbia to Prince George's County, Maryland and had sex with a 13-year-old girl he met on Facebook. When Maryland officials later interviewed Henry about the incident, he confessed that he had had sex with the girl, but protested that he thought she was close to 15 years old at the time. Maryland officials filed a detainer for second degree rape of a minor in mid-July of 2012, after Henry's arrest in this case and the drafting, but not the signing, of the plea agreement.

The government ultimately declined to file a departure motion in this case for substantial assistance under section 5K1.1 of the Guidelines.[2] The prosecutor explained to the

---

[2] That section provides in relevant part:

district court that the government refused to do so because of Henry's false statement about his prior hands-on sexual contact with minors. *See* Gov't Sentencing Mem. at 3-4 & n.4 (Nov. 30, 2012); Sentencing Tr. 38 (Dec. 13, 2012).

At sentencing, the district court rejected, among other things, Henry's contention that the government had breached the plea agreement by failing to give the Departure Committee more detailed information about the progress in the prosecution of the second defendant. Sentencing Tr. 47-49. The government did not argue and the court did not hold that Henry breached the agreement. The district court emphasized Henry's pattern of sexually dangerous behavior towards young girls and sentenced Henry to 135 months' imprisonment on the persuading or coercing to travel count, the lowest end of the applicable Sentencing Guidelines range, to run concurrently with 120 months on the possession of child pornography count, the statutory maximum. *Id.* at 54-63.

This appeal followed.

---

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

U.S.S.G. § 5K1.1.

**II**

It has long been the law that, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971); *see also United States v. Jones*, 58 F.3d 688, 691 (D.C. Cir. 1995) ("When a prosecutor secures a plea with a promise, the promise must be fulfilled."); *United States v. Doe*, 934 F.2d 353, 361 (D.C. Cir. 1991). "In other words, a plea agreement is a contract." *Jones*, 58 F.3d at 691.

While "[e]ven in the absence of any contractual arrangement, the Government's decision not to file a section 5K1.1 motion, like any other prosecutorial decision, is subject to constitutional limitations," plea agreements "provide[] additional protection" for defendants. *Jones*, 58 F.3d at 692. The bargained-for promises are bolstered by an implied obligation of good faith and fair dealing. *Id.* Where the government breaches a plea agreement, remand for specific performance of the agreement or withdrawal of the guilty plea may be warranted. *Santobello*, 404 U.S. at 262-63.

In interpreting the terms of a plea agreement, we look to principles of contract law. *United States v. Ahn*, 231 F.3d 26, 35 (D.C. Cir. 2000); *Jones*, 58 F.3d at 691. In evaluating whether a plea agreement has been breached, we look to the reasonable understanding of the parties and construe any ambiguities in the agreement against the government. *In re Sealed Case*, 702 F.3d 59, 63 n.2 (D.C. Cir. 2012); *United States v. Rodgers*, 101 F.3d 247, 253 (2d Cir. 1996). We interpret the terms of a plea agreement *de novo*, *United States v. Gary*, 291 F.3d 30, 33 (D.C. Cir. 2002); *Jones*, 58 F.3d at 691, and review the district court's factual determinations for

clear error, *Ahn*, 231 F.3d at 35. As the defendant, Henry maintains the burden of proving any breach by the government. *Id*. at 36; *United States v. Kilroy*, 27 F.3d 679, 684 (D.C. Cir. 1994).

Henry contends that the government breached the plea agreement by failing to inform the Departure Committee of the full "nature and extent" of his cooperation, as required by the terms of the plea agreement and the implied obligations of good faith and fair dealing. Specifically, he asserts, based on the proffer filed with the district court, that the government "did not explain that the defendant in Illinois who Mr. Henry had helped apprehend was not merely a target, but was scheduled for trial, and would possibly plead guilty." Appellant's Br. 16. Henry reasons that if the prosecution informed the Departure Committee of only as much as was contained in the proffer, it omitted to tell the Committee "that Mr. Henry's assistance had led to concrete results, and not simply speculative possibilities of prosecution" and thereby breached the plea agreement. *Id*.

The district court evidently concluded that Henry's false statement about the Maryland case mooted any contention that the government breached the plea agreement—in essence finding that given Henry's lie, any governmental breach was immaterial. Sentencing Tr. 48. We agree with the district court's result, but for a different reason.[3] We conclude that the government did not fail to provide the Departure Committee with the full nature and extent of Henry's cooperation as required by the agreement.

---

[3] The government did not rely on the district court's analysis on appeal. *See* Oral Arg. Rec. 16:25-16:55, 20:40-22:10.

Whether the government violated its plea commitment turns on what information it gave to the Departure Committee. Because the government has not provided a full accounting—to Henry, the district court, or this court—of what it in fact provided to the Departure Committee, we have but a slim record on which to rely, as the government acknowledged at argument. Oral Arg. Rec. 12:20-12:35. We have previously expressed concern over the government's lack of transparency in similar circumstances, explaining:

> Because a defendant is not privy to the deliberations and actions of the U.S. Attorney's Office . . . a defendant will face enormous difficulty in supporting [an allegation that the government acted in bad faith in carrying out its obligations under a plea agreement]. To ameliorate this problem and to provide both the trial judge and a reviewing court with information that might help them weigh an allegation of bad faith, we suggest that prosecutors who enter into agreements like the one before us, but subsequently fail to file a section 5K1.1 motion, summarize for the district court what information they provided the Departure Committee, while at the same time safeguarding information that could compromise an ongoing investigation or endanger the defendant or others, together with any explanation, similarly circumscribed, that the Committee may have offered for finding the defendant's assistance to be insubstantial.

*Jones*, 58 F.3d at 692. It is unclear how meaningful judicial review can occur where the government fails to adhere to such procedures. *See* Oral Arg. Rec. 22:25-24:00 (government attorney acknowledging that, were the prosecution not to be guided by *Jones*, "at a practical level, it

may be quite difficult" for a defendant to bring a claim of breach, raising a "perplexing problem" regarding judicial review). But because the parties here agree that the government provided the Departure Committee with at least the information that was included in the cooperation proffer later filed with the district court, we assume as much.

With regard to the Illinois defendant, the proffer stated:

Almost immediately, under the supervision of the [undercover officer], the defendant agreed to go on-line to talk to targets [from] whom the defendant had received child pornography. During the course of those sessions and other sessions where the [undercover officer] took over the defendant's identity, the target sent several images of child pornography to D.C. Further investigation revealed that this defendant had a prior conviction for child pornography, and was a registered sex offender. The [undercover officer] sent a "lead" to the state where the defendant sent the [child pornography], and according to the [undercover officer] that target is being prosecuted. At the time of this writing; however, it is unknown what disposition of that case, if any, has occurred.

Cooperation Proffer at 1.

Henry's argument is subtle. He does not contend that the prosecutor omitted any particular cooperative action that he took, such as testifying at another defendant's trial or identifying an additional offender. Nor does he point to any concrete event in the criminal investigation or proceeding in Illinois—such as a trial, plea, or the identification of further evidence or testimony stemming from Henry's cooperation—

that might conceivably influence the Departure Committee's evaluation of Henry's cooperation and the fruits thereof. And Henry does not argue that the fact that the second target was being tried *in Illinois*, the only additional fact he identifies that was not in the proffer, could conceivably bear on the Committee's evaluation of his cooperation. Instead, in his view, the Committee should have been informed that the second defendant was "pending trial" and "likely to plead." Sentencing Tr. 45. But the proffer's description of the results of Henry's cooperation—that the target is a registered sex offender with a prior child pornography conviction who was "being prosecuted"—means the same thing. Henry has not shown in this case that "pending trial," or even being "likely to plead," is meaningfully different from "being prosecuted." Because we see no daylight between the information contained in the proffer and what Henry argues should have been disclosed, we conclude that the government did not breach its plea obligations.

In the alternative, relying on *Jones*, Henry asserts that the district court failed to explore adequately the government's reasons for declining to file a departure motion. In *Jones*, we stated that "prosecutors who enter into agreements like the one before us, but subsequently fail to file a section 5K1.1 motion, [should] summarize for the district court what information they provided the Departure Committee," "together with any explanation" the Committee offered for declining to approve a departure motion. *Jones*, 58 F.3d at 692; *see also In re Sealed Case*, 244 F.3d 961, 966 (D.C. Cir. 2001). Whether that statement is a mandate or a suggestion, the government satisfied *Jones*'s procedures here. As Henry concedes, the government filed a cooperation proffer with the district court that summarized the information the prosecutor provided to the Committee. At sentencing, the prosecutor explained to the district court the Departure Committee's

basis for declining to approve the departure motion: Henry's untruthfulness about his past sexual contact with minors. Sentencing Tr. 38-39. The prosecutor thus provided both a summary of the information she provided to the Committee and the explanation the Committee offered for declining to approve the departure motion. *Jones* requires no more.

We therefore affirm.

*So Ordered.*