**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALLCARE HOME HEALTH, INC.,

Plaintiff - Appellant,

v.

DONNA SHALALA, as Secretary of
the United States Department of
Health and Human Services,

Defendant - Appellee.

No. 00-1405
(D. Ct. No. 00-K-307)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **McKAY**, and **ANDERSON**, Circuit Judges.

Appellant AllCare Home Health, Inc. ("AllCare") requested reimbursement

from the Medicare program for certain bonus payments to AllCare's owners. The

Provider Reimbursement Review Board ("PRRB") disallowed these bonus

payments as an unallowable return on equity. The district court affirmed the

judgment of the PRRB, and AllCare appeals that decision. We exercise

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I. Background

AllCare Home Health, Inc. is a for-profit home health agency that provides home health services to Medicare beneficiaries and others in the greater Denver area. The Medicare program pays home health providers the lesser of the "reasonable cost" or the "customary charges" for the services provided to Medicare beneficiaries. 42 U.S.C. § 1395f(b)(1). The Health Care Financing Administration ("HCFA"), a branch of the Department of Health and Human Services, administers the program. HCFA contracts with private insurance companies known as "fiscal intermediaries" to assist in processing and paying claims.

Home health services providers are reimbursed for their Medicare services in advance of submitting a cost report for a given year. At the end of the fiscal year, the provider must submit a report to its fiscal intermediary reflecting its costs for that reporting period. The fiscal intermediary reviews the cost report and issues the provider a notice of program reimbursement, which includes an explanation of any determination of overpayment. 42 C.F.R. § 405.1803. The services provider may appeal this decision to the Provider Reimbursement Review Board ("PRRB").

For fiscal year 1996, AllCare claimed about $2 million in Medicare costs,

including bonus payments of $33,000 to its co-owner and Chief Executive Officer ("CEO") Vinod Bhasin, and of $27,000 for its co-owner and Chief Financial Officer ("CFO") Connie Bhasin. AllCare added these bonuses at the end of the year after it determined that allowable costs exceeded claimed costs. Including bonuses, AllCare claimed a total of $127,000 and $97,000 in compensation for the CEO and CFO respectively. The government's fiscal intermediary, Wellmark Blue Cross and Blue Shield, issued a notice of program reimbursement in which it effectively disallowed $74,500 of the compensation paid to AllCare's owners as CEO and CFO, including the $60,000 in bonuses. [1]

AllCare timely appealed the adjustment to the PRRB, which held a hearing on the matter on January 28, 1999. The PRRB issued a decision on December 9, 1999, in which it reversed $14,500 of the fiscal intermediary's adjustments concerning salary and benefits, but affirmed the intermediary's decision not to allow the $60,000 in bonus payments.

AllCare petitioned the Secretary of Health and Human Services ("Secretary") to review the PRRB decision, but the Secretary declined. AllCare then sought judicial review in the U.S. District Court for the District of Colorado. The district court affirmed the PRRB's decision, finding that the agency's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in

---

[1] We use rounded numbers in referring to these dollar amounts.

accordance with law or unsupported by the evidence.

## II. Discussion

AllCare now appeals the district court's decision, arguing that: (a) the PRRB's disallowance of the bonuses was arbitrary and capricious; and (b) the PRRB's decision violated fundamental fairness because it was based on a finding not argued or presented at the hearing.

We apply the same standard of review as the district court, giving no deference to the district court's decision. Santa Fe Energy Prods. Co. v. McCutcheon, 90 F.3d 409, 413 (10th Cir. 1996). Our review of the underlying decision of the Secretary is governed by the Administrative Procedure Act ("APA"), which requires that we give deference to the agency. St. Mark's Charities Liquidating Trust v. Shalala, 141 F.3d 978, 980 (10th Cir. 1998) (citing 42 U.S.C. § 1395oo(f)). Under the APA, we set aside the agency's action only if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). The party challenging an agency action bears the burden of proving that it was arbitrary and capricious. Angel v. Butz, 487 F.2d 260, 263 (10th Cir. 1973). The arbitrary and capricious standard of review has been equated to the substantial evidence test. Northwest Pipeline Corp. v. Fed. Energy Regulatory Comm'n, 61 F.3d 1479, 1485 (10th Cir. 1995). Deference is especially warranted for the Secretary's interpretation of

complex and highly technical regulatory programs such as Medicare. Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 512 (1994).

A.  Disallowance of Bonuses

AllCare appeals as arbitrary and capricious the PRRB's finding that the bonuses awarded to the CEO and CFO were returns on equity and therefore not allowable under the Medicare program.

Owners may receive compensation only if they render necessary services, and their compensation is limited to the reasonable cost of those services.  42 C.F.R. § 413.102(c)(2).  According to the regulations, "[r]easonableness of compensation may be determined by reference to, or in comparison with, compensation paid for comparable services and responsibilities in comparable institutions; or it may be determined by other appropriate means." Id.

The Medicare program prohibits owners of service providers from receiving profits, however.  42 C.F.R. § 413.102(c)(2).  Section 902.2 of the Medicare Provider Reimbursement Manual states: "Payments found to represent a return on equity capital are not compensation and are in no event allowable as an item of reimbursable cost."

At the end of fiscal year 1996, the owners of AllCare awarded themselves $60,000 in bonuses, which they claim was reasonable compensation for their services as CEO and CFO.  Including these bonuses, the total compensation

packages of the CEO and CFO were $127,000 and $97,000 respectively. The PRRB did not dispute the reasonableness of the amount of the bonuses, as the total compensation for each individual was in line with others in the industry.

The PRRB instead disallowed the bonuses because the method of calculation made the bonuses analogous to the payment of a return on equity capital. The PRRB stated that bonuses may properly be labeled as compensation if there is a well-defined incentive plan in place with clear standards, but it found that AllCare had no such incentive plan in place. Instead, the owners determined the bonus amounts by examining the spread between AllCare's actual costs and the Medicare program's established limits. Because the cost limits do not create payment entitlements, the PRRB found that bonuses calculated in this fashion constitute an unallowable return on equity.

These findings were supported by substantial evidence. Nothing in the record demonstrates that a formalized incentive program existed. To the contrary, Mr. Bhasin's testimony indicates that AllCare did not rely on such a program in setting bonuses. Instead, AllCare set the CEO's and CFO's base salaries at the beginning of the year, and then set the bonuses at the end of the fiscal year based on the financial status of the company. The owners admit that they set the bonuses in consultation with the reimbursement consultant, and that they considered the difference between the cost limits and actual costs in setting the

bonuses.  These admissions support the PRRB's determination that the bonuses were analogous to a return on equity and therefore not allowable.  Given the substantial evidence supporting it, we cannot find that the PRRB's decision was arbitrary and capricious.

B.  Due Process

AllCare next argues that the PRRB based its decision on a post-hearing argument that was not raised or briefed sufficiently to allow AllCare to respond, and that this amounts to a denial of due process.  An agency must provide a meaningful hearing, Mathews v. Eldridge, 424 U.S. 319, 333 (1976), and may not violate basic concepts of fair play, Olenhouse v. Commodity Credit Corp., 42 F.3d 1560, 1583 (10th Cir. 1994).  AllCare asserts that if it had been provided with notice before the PRRB hearing, it would have produced additional evidence that the bonuses were not "analogous to a return on equity capital."

In several ways, however, AllCare had notice that the PRRB could disallow the bonuses.  Further, AllCare had an opportunity to respond.  Applicable regulations put AllCare on notice that the PRRB may raise issues sua sponte – Title 42 C.F.R. § 405.1869 states that the PRRB "shall have the power to affirm, modify, or reverse a determination of an intermediary with respect to a cost report and to make any other modifications on matters covered by such cost report (including modifications adverse to the provider or other parties) even though

- 7 -

such matters were not considered in the intermediary's determination." Next, the intermediary indicated in its position paper that it was effectively disallowing the bonuses, giving notice before the PRRB hearing that the allowability of the bonuses was an issue. Finally, even if there was no pre-hearing notice, the PRRB provided AllCare an opportunity to respond at the hearing and in its post-hearing brief. AllCare had sufficient notice to make the hearing a meaningful one that did not violate basic concepts of fair play. Therefore, AllCare's due process rights were not violated.

## III. Conclusion

Because there is substantial evidence supporting the findings of the Provider Reimbursement Review Board, and because AllCare had sufficient notice of the disallowance of bonuses, the judgment of the district court is AFFIRMED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge