David E. STERNBERG,
Plaintiff–Appellant,

v.

SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant–Appellee.

No. 01–3185.

United States Court of Appeals, Tenth Circuit.

Aug. 13, 2002.

John Jenab, Jenab & Kuchar, Olathe, KS, for Plaintiff–Appellant.

Sean R. McKenna, Associate Counsel, Office of Counsel to the Inspector General, U.S. Department of Health and Human Services, Washington, DC, for Defendant–Appellee.

Before HENRY, McWILLIAMS, and MURPHY, Circuit Judges.

MURPHY, Circuit Judge.

## I. INTRODUCTION

The United States Department of Health and Human Services ("HHS") excluded appellant David Sternberg from participation as a healthcare provider in the Medicare program for fifteen years. He sought review of that decision in federal district court. The district court did not disturb the HHS decision. We have jurisdiction under 28 U.S.C. § 1291 and **affirm.**

## II. FACTS

Sternberg is a psychiatrist who participated in the Medicare program.[1] In the

---

1. Sternberg provided medical services reimbursed by several federal health insurance programs including Medicare and Tricare (formerly CHAMPUS). Throughout this opin-

1990s, he defrauded Medicare by billing for services he did not perform, billing twice for the same service, and billing for services at an artificially high rate. In May 1998, he was convicted in Kansas federal district court of thirteen counts of mail fraud, one count of interstate transportation in aid of racketeering, and twenty-one counts of money laundering.

Prior to sentencing, Sternberg entered into a sentencing agreement with the government. The agreement provided that the government would not seek certain sentencing enhancements and would ask the district court to depart downward. The parties agreed that an appropriate sentence was sixty months' incarceration. In exchange, Sternberg made fourteen promises. At the heart of this appeal is the thirteenth, which states

> [O]n release from incarceration [Defendant agrees to], move for reinstatement to the federal insurance programs . . . and agree to:
>
> (a) conditional reinstatement;
>
> (b) any and all conditions imposed by the programs, including pre- or post-payment review;
>
> (c) offset of monies that would be paid to him under these programs, in a percentage to be determined by the respective programs, until restitution to these victims is complete.

Shortly after sentencing, the Office of the Inspector General of HHS notified Sternberg that it had decided to exclude him from participation in the Medicare program for a minimum period of fifteen years, substantially longer than his five year prison term.[2] Sternberg appealed the exclusion, arguing, among other things, that the government would breach the sentencing agreement if it excluded him for a period longer than his five years' imprisonment. He contended that because exclusion prevents an individual from even moving for reinstatement, paragraph thirteen obligates the government to exclude him from participation in the Medicare program for a period no longer than his incarceration. *See* 42 U.S.C. § 1320a–7(g); 42 C.F.R. § 1001.3001(a)(1). Pursuant to 42 C.F.R. §§ 1001.2007 and 1005.2, an Administrative Law Judge ("ALJ") heard Sternberg's appeal. The ALJ sustained the fifteen year exclusion and rejected Sternberg's argument regarding the sentencing agreement. In so doing, the ALJ stated "I note that the [Inspector General] was not a party to that agreement and presumably is not bound by it.[3] Also, such agreement merely permits [Sternberg] to apply for reinstatement and does not guarantee that such status will be granted."

Sternberg appealed the ALJ's decision to the HHS Departmental Appeals Board, Appellate Division ("DAB"), renewing his

---

ion, we will use the term "Medicare" to refer collectively to all of the federal health insurance programs in which Sternberg participated and from which he was subsequently excluded.

**2.** Under 42 U.S.C. § 1320a–7(a)(1), HHS shall exclude from participation in Medicare any individual convicted of a criminal offense related to the delivery of a service covered by Medicare. With the exception of circumstances not present in this case, the minimum period of exclusion is five years. *See* 42 U.S.C. § 1320a–7(c)(3)(B); 42 C.F.R.

§ 1001.102(a). If HHS finds aggravating factors, it may impose an exclusion longer than the minimum period. *See* 42 C.F.R. § 1001.102(b). Sternberg does not contend in this court that the length of his exclusion is an unreasonable application of the regulatory criteria.

**3.** HHS made this argument below and renews it on appeal. Since we conclude the sentencing agreement contains no government promise to a five year exclusion, we need not decide whether HHS is bound by the agreement.

sentencing agreement argument. *See* 42 C.F.R. § 1005.21 (providing that an excluded individual may appeal ALJ decision to DAB). The DAB summarily affirmed the ALJ's decision. Sternberg, *pro se*, erroneously filed a petition for review in this court instead of the district court. *See* 42 U.S.C. §§ 405(g), 1320a–7(f)(1). In the interests of justice, we transferred the petition to the United States District Court for the District of Kansas. *See* 28 U.S.C. § 1631. In the district court, Sternberg relied only upon his sentencing agreement argument. The district court decided the sentencing agreement could not be interpreted as containing a promise by the government that Sternberg's exclusion would be coterminous with his prison sentence. It therefore upheld the fifteen year exclusion.

## III. DISCUSSION

### A. Standard of Review

■ This is an appeal from district court review of an agency decision. Decisions to exclude medical practitioners from participation in the Medicare program are reviewed under the same standard as decisions involving entitlement to social security benefits, 42 U.S.C. § 405(g). *See* 42 U.S.C. § 1320a–7(f)(1). We therefore review such a decision "to determine whether [the Secretary's] factual findings are supported by substantial evidence . . . and whether [the Secretary] applied the correct legal standards." *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir.1994). The substantial evidence test has been equated to review for arbitrariness or caprice. *See AllCare Home Health, Inc. v. Shalala*, 278 F.3d 1087, 1089 (10th Cir.2001).

■ The HHS decision to exclude Sternberg for fifteen years necessarily included its rejection of his claim that the sentencing agreement precluded such a long exclusion period. In so doing, it interpreted the sentencing agreement. This circuit has adopted the view that under the principles of *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), an agency's interpretation of a contract is reviewed under the arbitrary and capricious standard when the subject matter of the contract involves the agency's specialized expertise. *See Northwest Pipeline Corp. v. F.E.R.C.*, 61 F.3d 1479, 1486 (10th Cir.1995); *see also Muratore v. United States Office of Pers. Mgmt.*, 222 F.3d 918, 921–23 (11th Cir.2000) (discussing trend towards adoption of arbitrary and capricious standard for review of agency interpretation of contractual language); *Koch Gateway Pipeline Co. v. F.E.R.C.*, 136 F.3d 810, 814 n. 10 (D.C.Cir. 1998) (noting circuit split on issue).

■ In this instance, however, we decline to afford deference to the HHS interpretation of the sentencing agreement because the agreement does not involve HHS specialized expertise. The agreement does not deal with arcane subject matter and does not contain specialized terminology. *Cf. Balt. Gas & Elec. Co. v. F.E.R.C.*, 26 F.3d 1129, 1135 (D.C.Cir.1994) ("[T]he [F.E.R.C.] has greater technical expertise than does this court in the often arcane field of natural gas pipeline regulation."). Moreover, there is no evidence that HHS routinely reviews sentencing or plea agreements. *Cf. Northwest Pipeline*, 61 F.3d at 1486 ("[T]he [F.E.R.C.] has vast experience in the interpretation of the language contained in natural gas tariffs—it reviews thousands of such filings annually."). Finally, the review of such an agreement does not form part of the duties Congress delegated to HHS. *Cf. Muratore*, 222 F.3d at 923 (holding deference to agency interpretation of insurance contract appropriate when statute required agency to determine whether insurers liable to insureds under

such contracts). Thus, while we review the HHS decision to exclude Sternberg for fifteen years under the substantial evidence or arbitrary and capricious standard, we afford no deference to its interpretation of the sentencing agreement.[4]

## B. Sentencing Agreement

█ Sternberg bases his entire argument on the thirteenth numbered paragraph of the sentencing agreement. He claims that the paragraph obligates him to apply for reinstatement upon release from prison, yet the government is preventing him from doing so. An excluded individual is not allowed to apply for reinstatement until his period of exclusion expires. *See* 42 U.S.C. § 1320a–7(g)(1); 42 C.F.R. § 1001.3001(a)(1). Sternberg argues the government breached the agreement because it rendered performance of his promise impossible when it excluded him for longer than his prison term.

█ Sentencing agreements, like plea agreements, are generally interpreted according to commercial contract principles. *See United States v. Massey*, 997 F.2d 823, 824 (10th Cir.1993) (noting that interpretation of plea agreements governed by contract principles); *United States v. Ross*, 245 F.3d 577, 582 (6th Cir.2001) (analogizing sentencing agreements to plea agreements). Sensitivity to the weighty interests of the defendant, however, counsels for some modification of those rules. *See United States v. Calabrese*, 645 F.2d 1379, 1390 (10th Cir.1981). Therefore, the government may not escape its obligations by relying "upon a rigidly literal construction of the language of the agreement." *United States v. Cooper*, 70 F.3d 563, 565 (10th Cir.1995) (quotation omitted). Moreover,

the nature of the government's promise is based not simply on the text of the agreement but what the defendant reasonably understood to be the government's obligations when the agreement was made. *See Allen v. Hadden*, 57 F.3d 1529, 1534 (10th Cir.1995). It remains, however, the burden of the party asserting breach to prove promise and breach by a preponderance of the evidence. *See id.*

We are not persuaded that Sternberg could have reasonably understood that the government promised to limit his exclusion period to the length of his incarceration. The government's promises are listed on the second page of the agreement. The relevant portion of the contract provides

In return for the government's agreement to an offense level of 25, its withdrawal of its request for an abuse of a position of trust enhancement, and its agreement to request Judge Vratil to depart downward to an offense level of 25, the *defendant agrees* to ... [fourteen numbered promises].

(emphasis added). The next fourteen paragraphs contain promises *by Sternberg*. In the quoted portion of the agreement summarizing the government's promises, there is no mention of a particular exclusion period and no indication the parties intended to set one. Paragraph thirteen likewise does not mention any particular exclusion period, an obligation by the government to impose a particular exclusion period, or, for that matter, the government at all. Even if we considered the agreement ambiguous, which we do not, Sternberg offers no evidence extrinsic to the sentencing agreement indicating that the parties contemplated the length of his exclusion. *See Cunningham v. Diesslin*, 92

4. Both parties contend that we should review the district court's interpretation of the sentencing agreement for clear error. We decline to do so. It is well-settled that this court affords no deference to the district court's review of an agency's decision. *See Santa Fe Energy Prods. Co. v. McCutcheon*, 90 F.3d 409, 413 (10th Cir.1996). Tellingly, the cases cited by both parties do not involve agency review.

F.3d 1054, 1059–60 (10th Cir.1996) (holding government did not promise mandatory parole when petitioner failed to show promise in plea agreement or negotiations). In sum, given the structure of the agreement, the language enumerating the government's promises, the absence of any mention of a particular exclusion period, and the dearth of evidence regarding the parties' intent, Sternberg has failed to demonstrate that he could have reasonably understood the sentencing agreement to obligate the government to limit his exclusion to his prison term.

 Sternberg argues that the government must be held to "meticulous standards of both promise and performance" when it enters into sentencing agreements. *Correale v. United States*, 479 F.2d 944, 947 (1st Cir.1973). We agree with this general statement. The high standards by which the government must abide do not, however, obligate it to perform promises it did not make. *See United States v. Furman*, 112 F.3d 435, 439 (10th Cir.1997) ("[O]bligations do not issue from mere silence; we shall not impose duties on the government that are not an express or implied part of its agreement with the defendant."). In the cases cited by Sternberg, it was undisputed that the government did make a promise. *See, e.g., Correale*, 479 F.2d at 946 ("All sides agree that ... the United States Attorney promised to make a recommendation that the court impose a [concurrent sentence]."). At issue in *Correale* was not whether the government's higher duty created a promise when none existed, but rather whether the government's making of an illegal promise and failure to perform such a promise invalidated the plea agreement. *See id.* at 948–49. Because we conclude the govern-

ment did not promise an exclusion period equal to Sternberg's incarceration, the cases Sternberg cites are inapposite.

 At oral argument, Sternberg raised the additional contention that because he cannot perform his promise to apply for reinstatement on release from prison, the government could bring an action for breach or otherwise seek to have the sentencing agreement set aside. A proper reading of the agreement dispels this concern. The agreement implicitly *conditions* Sternberg's obligation to move for reinstatement on his being allowed to do so. Parties to an agreement may make one party's performance contingent on satisfaction of a condition. Restatement (Second) of Contracts § 226 (1981). If a condition does not or cannot occur then performance is not required. *See id.* § 225(1), (2). Thus, Sternberg is not required to comply with paragraph thirteen while the condition that he be able to apply is not satisfied. Furthermore, under this reading of the agreement, there is no merit to Sternberg's argument that the government's interference with his performance is itself a breach. "Non-occurrence of a condition is not a breach by a party unless [it] is under a duty that the condition occur." *Id.* § 225(3). As we have stated, the structure and plain wording of the sentencing agreement indicate that the government did not promise to impose an exclusion period coterminous with Sternberg's incarceration. The government, therefore, is under no obligation to ensure the condition occur. *See id.* § 226 cmt. a ("An intention to make a duty conditional may be manifested by the general nature of an agreement, as well as by specific language.").[5]

---

5. We recognize the general rule that ambiguous language should be interpreted as a promise rather than a condition. *See Mularz v. Greater Park City Co.*, 623 F.2d 139, 142 (10th Cir.1980). The rule is inapplicable in

this case because, as already noted, the language, read in the context of the agreement as a whole, is not ambiguous. If the parties had intended to limit Sternberg's exclusion to five

## IV. CONCLUSION

We hold that the government did not promise to exclude Sternberg for a period coterminous with his incarceration. The judgment of the District Court for the District of Kansas is **AFFIRMED.**[6]

years, the omission of such an important promise in the summary of the government's obligations is inexplicable.

**6.** Sternberg has moved to correct statements made at oral argument on matters not rele-

vant to the disposition of this appeal. HHS has moved to supplement the record regarding the same matters. Both motions are **DENIED.**