**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 27 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

VICKIE BRISCO,

  Petitioner,

  v.

NATIONAL CREDIT UNION
ADMINISTRATION,

  Respondent.

No. 04-9546
(Agency No. 04-INS-001)
(Petition for Review)

---

**ORDER AND JUDGMENT** *

---

Before **LUCERO** , **McKAY** , and **ANDERSON** , Circuit Judges.

---

Vickie Brisco petitions for review of a decision of the National Credit

Union Administration ("NCUA") Board denying her demand for the return of

funds allegedly held in accounts at a credit union that was involuntarily

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.
After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

liquidated. Finding no error in light of the applicable standard of review, we deny the petition for review.

Brisco had several share accounts and outstanding loans at Roosevelt County Credit Union in Portales, New Mexico. The credit union was involuntarily liquidated by the NCUA on June 30, 2002. Admin. R. at 184. Brisco first sought the return of $85,000 she allegedly held on deposit, and later increased her demand to $95,000. Id. at 32, 59. The NCUA, the liquidating agent, through its Asset Management and Assistance Center (AMAC), construed her demand as a claim for share insurance. After extensive correspondence, AMAC reconstructed Brisco's accounts from April 1, 1991, through August 13, 2002, based on quarterly credit union statements. Id. at 42, 46-51. AMAC was able to reconstruct Brisco's account activity despite three missing statements from 1993 and 1994. Id. at 42. Based on this reconstruction, AMAC concluded that Brisco's share accounts were outbalanced by her delinquent loans, that she had a negative share balance at the time of the liquidation, and that she was not entitled to any recovery. See id. at 53-57.

Although Brisco alleged that a number of withdrawals and transfers had been made without her authorization, she failed to provide documentation to support her claims. Regardless, AMAC investigated Brisco's claim of unauthorized transactions, determining that it was refuted by the available

-2-

documentation. Accordingly, AMAC denied her demand for the return of funds. Brisco appealed to the NCUA Board, which conducted an independent review of her accounts and upheld NCUA's decision to deny her claim. Id. at 184-86. Brisco then filed this petition for review.

We review the NCUA Board's decision under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706. 12 U.S.C. § 1787(d)(4). Under the APA, we will set aside a final agency action "only if it is arbitrary, capricious, otherwise not in accordance with law, or not supported by substantial evidence." Am. Colloid Co. v. Babbitt, 145 F.3d 1152, 1154 (10th Cir. 1998). Our review is "highly deferential." Valley Cmty. Pres. Comm'n v. Mineta, 373 F.3d 1078, 1084 (10th Cir. 2004) (quotation omitted). Our duty is "to ascertain whether the agency examined the relevant data and articulated a rational connection between the facts found and the decision made." Cliffs Synfuel Corp. v. Norton, 291 F.3d 1250, 1257 (10th Cir. 2002) (quotation omitted). An agency's action is not arbitrary and capricious unless it "'relied on factors which Congress did not intend it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.'" Thomas Brooks Chartered v.

-3-

Burnett , 920 F.2d 634, 644 (10th Cir. 1990) (quoting Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co. , 463 U.S. 29, 43 (1983)).

Accounts in a credit union are insured up to a maximum of $100,000. 12 U.S.C. § 1787(k)(1). Upon a finding that an insured federal credit union is bankrupt or insolvent, the NCUA Board closes and liquidates the credit union. Id. § 1787(a)(1)(A). When claims are made by a depositor, the NCUA Board has discretion to require proof of claims, "and may approve or reject such claims for insured deposits." Id. § 1787(d)(2). "[I]n determining the amount due to any member, there shall be added together all accounts [after deducting offsets] in the credit union maintained by him for his own benefit either in his own name of in the names of others." Id. § 1787(k)(1). As the depositor seeking reimbursement, Brisco bore the burden to substantiate her claim for funds, see id. § 1787(d)(2); 12 C.F.R. § 745.202(c)(1). She also bears the burden before this court to show that the NCUA Board's action was arbitrary, capricious, or not supported by substantial evidence. See AllCare Home Health, Inc. v. Shalala , 278 F.3d 1087, 1089 (10th Cir. 2001).

We have reviewed the record in light of the parties' briefs on appeal. Brisco was, and is, unable to controvert AMAC's reconstruction of her accounts with specific evidence. While she questions certain transactions, she has not demonstrated that AMAC failed to consider her challenges or that its

reconstruction of her accounts is not supported by substantial evidence. She has pointed to no specific evidence tending to show that alleged improprieties at the credit union affected her account balances. Her conclusory claims are insufficient. We conclude that the NCUA Board's decision is reasonable and is supported by substantial evidence.

The petition for review is denied.

Entered for the Court


Carlos F. Lucero
Circuit Judge