**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 16, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

CASSLYN MAE WELCH,

Defendant–Appellant.

No. 14–2194
(D.C. No. 1:10-CR-02734-JCH-3)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **EBEL**, and **BACHARACH**, Circuit Judges.

Ms. Casslyn Mae Welch was indicted on eleven counts based on her involvement in a carjacking and conspiracy that led to the killing of two individuals. Facing a possible death sentence, Ms. Welch signed a plea agreement, promising to cooperate with the government's investigation and prosecution of another suspect. Ms. Welch performed her obligations under the plea agreement by September 2013.

---

[*] This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

Ms. Welch alleges that roughly two weeks before her sentencing hearing, the prosecutor orally promised to do three things:

1.  move for a downward departure based on Ms. Welch's substantial assistance,

2.  "not [to] oppose" Ms. Welch's request for a 20-year sentence, and

3.  defer to the district court on any sentencing decisions.

The parties do not dispute that the government moved for a downward departure. But according to Ms. Welch, the prosecutor breached the plea agreement and the implied covenant of good faith and fair dealing by

1.  agreeing to not oppose a 20-year sentence, but saying at the sentencing hearing that the government did "not concur" with Ms. Welch's request for a 20-year sentence and

2.  agreeing to defer any sentencing decisions to the district court, but saying at the sentencing hearing that a 40-year sentence was "sufficient but not greater than necessary" and that Ms. Welch had made a "decision . . . to kill" and lacked a "moral compass."

The district court rejected both claims, holding that the government had not breached the plea agreement or an alleged covenant of good faith and fair dealing. We agree.

**I.  The government did not breach any express promises in the plea agreement.**

We conclude that the government did not breach any express promises in the plea agreement. In our view, the government complied with

2

all of its written promises, and the alleged oral promises were unenforceable.

### A. We apply principles of contract law.

We engage in de novo review of claims that the government breached a plea agreement. *See United States v. Burke*, 633 F.3d 984, 994 (10th Cir. 2011). In applying this standard, we consider whether Ms. Welch proved a breach through a preponderance of the evidence. *Sternberg v. Sec'y, Dep't of Health & Human Servs.*, 299 F.3d 1201, 1206 (10th Cir. 2002).

To determine whether Ms. Welch satisfied her burden, we conduct a two-part inquiry, examining

1. the nature of the government's promise and

2. Ms. Welch's reasonable understanding of the promise at the time of her guilty plea.

*Burke*, 633 F.3d at 994. We interpret the plea agreement based on principles of contract law, looking to "the express language in the agreement." *United States v. Cudjoe*, 534 F.3d 1349, 1353 (10th Cir. 2008) (quoting *United States v. Rodriguez-Rivera*, 518 F.3d 1208, 1212-13 (10th Cir. 2008)). But any ambiguities are interpreted against the government as the drafter of the agreement. *See United States v. VanDam*, 493 F.3d 1194, 1199 (10th Cir. 2007).

3

**B.    The government complied with its written promises.**

In the written plea agreement and addendum, the government promised to

1.    move to reduce Ms. Welch's base-offense level by three levels under § 3E1.1 of the sentencing guidelines,

2.    move to dismiss two specified counts against Ms. Welch if she continued to accept responsibility for her conduct,

3.    refrain from further charges against Ms. Welch for conduct underlying the indictment, and

4.    consider moving for a downward departure under § 5K1.1 of the sentencing guidelines.

R. vol. I, at 111-12, 115; R. vol. II, at 2-3.

The parties do not dispute that the government

1.    moved for a three-level reduction in Ms. Welch's offense level,

2.    moved to dismiss the specified charges against Ms. Welch,

3.    did not bring further charges against Ms. Welch, and

4.    moved for a downward departure.

*See* R. vol. I, at 121-22; R. vol. II, at 63-72; Oral Arg. at 11:15-12:00. The government's motion for a downward departure proved successful: the district court sentenced Ms. Welch far below the floor of the guideline range. *See* R. vol. I, at 209 (reducing Ms. Welch's sentence from 1,490 months to 480 months). Thus, the government did everything that it had expressly promised in the written plea agreement and addendum.

4

### C. The alleged oral promises are unenforceable and did not relinquish the government's discretion.

Ms. Welch contends that the prosecutor failed to carry out subsequent oral promises. We reject this contention. The alleged oral promises are unenforceable because they (1) did not appear in the written plea agreement or addendum and (2) lacked consideration from Ms. Welch.

### 1. The plea agreement foreclosed oral modification.

We consider a plea agreement "completely integrated" if it contains a "complete and exclusive statement of the terms of the agreement." *United States v. Rockwell Int'l Corp.*, 124 F.3d 1194, 1199 (10th Cir. 1997) (quoting Restatement (Second) of Contracts § 210(1) (1981)). The written plea agreement and addendum contained both a complete expression of the terms and express integration clauses. As a result, the plea agreement was completely integrated, precluding any modification unless it was in writing and signed by all parties. R. vol. I, at 116; R. vol. II, at 3. The integration clauses could be avoided only through proof of "fraud, mistake, duress," or another ground sufficient for setting aside a contract. *Blackledge v. Allison*, 431 U.S. 63, 75 n.6 (1977).

Rather than invoke these grounds, Ms. Welch argues that the government breached its alleged oral promises. But these promises were never put in writing or signed by the parties. In the absence of a signed writing, the alleged oral promises are unenforceable under the plea

5

agreement because enforcement would create a conflict with the integration clauses. *See United States v. Cudjoe*, 534 F.3d 1349, 1353 (10th Cir. 2008) (explaining that we look to the "express language in the [plea] agreement").

## 2. The alleged oral promises are not enforceable as a new agreement.

The alleged oral promises are also unenforceable as a new agreement. If viewed as a new agreement, the alleged oral promises would have been enforceable only if Ms. Welch had provided new consideration. *See United States v. Leach*, 562 F.3d 930, 936-37 (8th Cir. 2009) (explaining that the government's alleged oral promises, which were made after the defendant had pleaded guilty, could not serve as "part of the [defendant's] inducement or consideration underlying the guilty plea"); *In re Sealed Case*, 686 F.3d 799, 802-03 (D.C. Cir. 2012) (noting that the government is not bound by a promise when it "obtained nothing from [a] promise to which it was not already entitled"). But Ms. Welch did not provide any new consideration for the alleged oral promises.

After the parties signed the written plea agreement, Ms. Welch did not promise to do anything that she was not already obligated to do. In fact, when the government allegedly made the oral promises, Ms. Welch had completed her performance under the written plea agreement more than seven months earlier. Thus, the prosecutor's alleged oral promises lacked

6

consideration from Ms. Welch. Without consideration from Ms. Welch, the alleged oral promises would be unenforceable as a new agreement.

The result might be different if the government had induced Ms. Welch with the promise of a 20-year sentence and Ms. Welch reciprocated by supplying the government with additional help. For example, if the government had orally promised to support Ms. Welch's request for a 20-year sentence and that promise led Ms. Welch to cooperate with another investigation, the oral promise might have been enforceable. *See, e.g.*, *Gibson v. Arnold*, 288 F.3d 1242, 1245 (10th Cir. 2002) (explaining that a promisee's "detrimental reliance" on an oral promise may estop the promisor from claiming the oral promise was not enforceable).

But that was not the case here. The government allegedly promised not to oppose a 20-year sentence *after* Ms. Welch had completed her performance. Thus, the government's alleged oral promises could not have induced Ms. Welch's performance. In these circumstances, the alleged oral promises could not be enforced as a separate agreement.

### 3. The alleged oral statements did not relinquish the government's discretion.

Ms. Welch contends that the written agreement "left open" the government's eventual position on sentencing. Based on this open term in the written agreement, she argues, the government initially retained discretion on what to say at the sentencing hearing. But Ms. Welch argues

that the prosecutor then relinquished that discretion by orally agreeing (1) not to oppose a 20-year sentence and (2) to defer sentencing decisions to the district court.

We disagree. About two weeks before the sentencing hearing, defense counsel asked the prosecutors what position the government intended to take at the sentencing hearing. The prosecutors allegedly promised to not oppose a 20-year sentence and to defer to the district court's sentencing decisions. But these alleged promises would not have abrogated the government's discretion or "filled in" any open terms. The government always retained its discretion, memorialized in the written agreement, on what to say at the sentencing hearing. R. vol. I, at 112.

Ms. Welch suggests that the prosecutors effectively relinquished that discretion. This suggestion is invalid: relinquishment of discretion would have constituted a modification of the written plea agreement, which would have required a new, signed writing or a separate agreement with new consideration from Ms. Welch. As discussed above, Ms. Welch did not obtain a signed writing or provide new consideration for a new promise. As a result, the alleged oral statements did not create an enforceable obligation by "filling in" an open term.

**4.    Our precedents on plea agreements are distinguishable.**

Ms. Welch mistakenly relies on our decisions in *United States v. Brye, United States v. Hawley*, and *United States v. Mata-Vasquez.* In *Brye*

8

and *Hawley*, the government promised in a written plea agreement to not oppose a defendant's requested sentencing term. *United States v. Brye*, 146 F.3d 1207, 1212 (10th Cir. 1998); *United States v. Hawley*, 93 F.3d 682, 691 (10th Cir. 1996). The plea agreement in *Brye* also included the government's written promise to stipulate to a specified sentence. *See Brye*, 146 F.3d at 1210 (promising to stipulate to a sentence of "no more than [60] months"). In *Mata-Vasquez*, the parties agreed that an oral agreement was equivalent to a written plea agreement; but there, the parties had not signed a written agreement. *United States v. Mata-Vasquez*, 111 F. App'x 986, 990 (10th Cir. 2004).

These decisions do not apply here because Ms. Welch's written plea agreement

- did not limit the government's discretion to take certain positions at sentencing and

- specifically provided that additional terms were unenforceable unless made in writing and signed by all parties.

\* \* \* \*

In these circumstances, we decline to enforce the government's alleged oral promises. They are unenforceable under the written plea agreement, lacked new consideration to constitute a new agreement, and did not relinquish the government's discretion.

9

## II. Even if an implied covenant of good faith and fair dealing existed, it was not violated.

Ms. Welch also claims that the government breached the implied covenant of good faith and fair dealing. For the sake of argument, we can assume without deciding that this covenant exists in plea agreements. But even with this assumption, Ms. Welch's claim would fail: the district court found that there was not "any evidence of bad faith" (R. vol. II, at 82), and we uphold that finding.

Our review is limited, for we must decide only whether the district court's factual finding entailed clear error. *United States v. Williams*, 292 F.3d 681, 685 (10th Cir. 2002). To decide whether the district court committed clear error, we consider whether the court's finding lacks record support or leaves us with a "definite and firm conviction" that the finding was incorrect. *Id.*

We apply this standard to the district court's finding that "confusion between the parties resulted from the semantics used by each side," not bad faith. R. vol. II, at 82. In making this finding, the district court characterized the government's statements at the sentencing hearing as "so vague and lacking in substance that it carried no weight in the Court's decision." *Id.* at 82 n.1.[1]

---

[1] Ms. Welch argues that it does not matter whether the breach was intentional or affected the sentence. We decline to address these arguments because they do not affect our inquiry under the clear-error standard.

10

Ms. Welch disagrees, claiming that the prosecutor urged the district court to apply a 40-year sentence by stating that a 40-year sentence was "sufficient but not greater than necessary." Appellant's Opening Br. at 14, 26; R. vol. I, at 310. For the sake of argument, we can assume that Ms. Welch is correct. But the prosecutor's alleged support for a 40-year sentence would not require the district court to find bad faith.

The government had already fulfilled its promises in the written plea agreement. At most, the prosecutor's statement about a 40-year sentence might have conflicted with the alleged oral promises. But those alleged oral promises are unenforceable, and Ms. Welch did not rely on them. In these circumstances, we uphold the district court's factual finding that the government had not acted in bad faith.

## III. Conclusion

We affirm.

Entered for the Court

Robert E. Bacharach
Circuit Judge

11