# Order

Michigan Supreme Court
Lansing, Michigan

March 15, 2019

156270

WILLIAM R. HENDERSON and All Others
Similarly Situated,
          Plaintiffs-Appellants,

v

CIVIL SERVICE COMMISSION and
DEPARTMENT OF CORRECTIONS,
          Defendants-Appellees.

_____/

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

SC: 156270
COA: 332314
Ingham CC: 15-000645-AA

On January 23, 2019, the Court heard oral argument on the application for leave to appeal the August 15, 2017 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*concurring*).

I concur with this Court's order denying leave to appeal. As Justice CAVANAGH observes in her concurring statement, although the predecessor Attorney General previously argued in this Court that the test set forth in *Brandon Sch Dist v Mich Ed Special Servs Ass'n*, 191 Mich App 257, 263 (1991) for determining whether an agency decision is "authorized by law" is inconsistent with the common understanding of Const 1963, art 6, § 28, the present Attorney General, as is her prerogative, expressly abandoned that position at oral argument.[1] Furthermore, as Justice CAVANAGH also observes, a review for whether the decision is "arbitrary and capricious"-- which constitutes the fourth component of the *Brandon* test-- contemplates a "minimum level of review of the evidentiary record in order to ensure that there is *some* evidentiary support for [the] decision." I write separately only to note that this Court by its order today does not decide that an "arbitrary and capricious" review *does* comport with the "authorized by law" standard, as the Court of Appeals held in *Brandon*.

---

[1] Specifically, the Assistant Attorney General stated at oral argument in this regard that, in the Attorney General's own supplemental briefing to this Court, "we took the position that it would not have been understood at the time [of the Constitution's ratification in 1963] to include whether the decision is arbitrary and capricious. I can represent to the Court at this time that we are no longer advancing that argument, it is not necessary to reach that issue in this case, [and] we are not asking the Court to reach that issue . . . ."

For the following reasons, it is at least reasonably arguable that the "authorized by law" standard does not include an "arbitrary and capricious" review. <u>First</u>, *Black's Law Dictionary* (5th ed) defines "authorize" as "[t]o empower; to give a right or authority to act. . . . 'Authorized' is sometimes construed as equivalent to 'permitted' . . . ." From this definition, "authorized by law" essentially means "empowered by law to act." Arguably, whether an agency is empowered by law to act is determined *only* by reference to the presence or absence of a constitutional provision, statute, or regulatory enactment sustaining the underlying authority of the agency action.

<u>Second</u>, the term "authorized by law" appears in multiple (specifically, six) other sections of our Constitution. And in those sections, "authorized by law" is used in a manner consistent with the above understanding of that phrase, i.e., as meaning only "empowered by law to act." For instance, Const 1963, art 12, § 2 provides that petitions to amend the Constitution "shall be filed with the person *authorized by law* to receive the same at least 120 days before the election at which the proposed amendment is to be voted upon." (Emphasis added.) This provision sets forth a straightforward reference to the person empowered by statute, the Secretary of State, to receive amendment petitions. See MCL 168.471. See also Const 1963, art 2, § 9; Const 1963, art 9, § 31; Const 1963, art 9, § 40; Const 1963, art 9, § 41; and Const 1963, art 9, § 42. There is no obvious reason why "authorized by law" in Const 1963, art 6, § 28 should be understood in a disparate manner from other constitutional provisions in which it appears to include review of the evidentiary record.

<u>Third</u>, concluding that the "authorized by law" standard permits courts to consider the evidentiary record to assess agency findings of fact would seem to constitute a somewhat unorthodox reading of Const 1963, art 6, § 28 as a whole. That provision includes one, and only one, clause concerning court review of agency findings of fact: "[I]n cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record." That is, Const 1963, art 6, § 28 explicitly includes a provision allowing review of the evidentiary record, and that provision only pertains to "cases in which a hearing is required." By negative implication alone, that would arguably constitute the *only* circumstance in which review of the evidentiary record is allowed.

<u>Finally</u>, although obviously not binding upon our interpretation of the Constitution, federal courts have asserted that an "arbitrary and capricious" standard of review and the "substantial evidence" test under the federal Administrative Procedure Act, 5 USC 551 *et seq*., are similar, if not identical, in assessing agency findings of fact. See, e.g., *AllCare Home Health, Inc v Shalala*, 278 F3d 1087, 1089 (CA 10, 2001) ("The arbitrary and capricious standard of review has been equated to the substantial evidence test."). Thus, if this Court included an "arbitrary and capricious" review in the "authorized by law" standard under Const 1963, art 6, § 28, it would conceivably lead to a peculiar outcome-- to wit, the provision would *explicitly* provide for a "substantial evidence" test in cases in which a hearing is required and it would *implicitly* provide for

the same examination of the record through an "arbitrary and capricious" review in cases in which a hearing is not required. Can this be what was understood by the ratifiers of our Constitution?

CAVANAGH, J. (*concurring*).

I concur in the denial of leave to appeal in this case, but write separately to clarify the appropriate evidentiary review of agency decisions under the "authorized by law" standard of Const 1963, art 6, § 28.

Const 1963, art 6, § 28 provides for "direct review by the courts" of whether agency final decisions, findings, rulings and orders are "authorized by law . . . ." I agree with the Court of Appeals that, because no hearing was held in this case, the circuit court's review of the Civil Service Commission's decision and findings should have been limited to whether they were authorized by law and not extended to apply the broader "competent, material and substantial evidence" test in § 28. As the Court of Appeals properly held, and as both parties now agree on appeal, the proper test for determining whether a final decision, finding, ruling, or order is authorized by law is the four-factor test articulated in *Brandon Sch Dist v Mich Ed Special Servs Ass'n*, 191 Mich App 257, 263 (1991).[2] That test asks whether the final decision, finding, ruling or order is (1) "in violation of a statute," (2) "in excess of the statutory authority or jurisdiction of the agency," (3) "made upon unlawful procedures resulting in material prejudice," or (4) "arbitrary and capricious." *Id*. A decision is arbitrary and capricious when it (1) "lacks an adequate determining principle," (2) reflects an absence of consideration of significant principles or circumstances, or (3) is "freakish or whimsical." *Wescott v Civil Serv Comm*, 298 Mich App 158, 162 (2012).

I disagree with the Court of Appeals that review of the evidentiary support for an agency's final decision, finding, ruling or order is not proper under "authorized by law" review—and notwithstanding that statement, I believe that the Court of Appeals actually conducted the appropriate review of the evidentiary record in this case. While the "arbitrary and capricious" standard of review necessarily must be more deferential than the "competent, material and substantial evidence" standard applicable to decisions following hearings, the "arbitrary and capricious" standard must mean *something* in order to effectuate the Constitution's requirement of direct review. While the exact contours of the boundary between "arbitrary and capricious" review and "competent, material and substantial evidence" review have proven difficult to define, see 2 Hickman &

---

[2] While the Civil Service Commission originally argued to this Court that the *Brandon* test exceeds the original intent of the constitutional text of Const 1963, art 6, § 28, it affirmatively abandoned that position at oral argument.

Pierce, Administrative Law Treatise (6th ed), § 10.4, p 1136, I am unaware of any authority that draws those lines in a manner that prohibits any review of the evidentiary record.

In order to determine whether an agency's final decision and findings were arbitrary and capricious, the reviewing court must conduct a minimum level of review of the evidentiary record in order to ensure that there is *some* evidentiary support for that decision. For example, a reviewing court could not determine whether a decision has been made upon unlawful procedures without reviewing what procedures had been used. Likewise, a reviewing court could not determine whether a decision lacked an adequate determining principle without reviewing the reasoning behind the decision. While a reviewing court lacks authority to reweigh the evidence considered by an agency and cannot second-guess an agency's view of the facts or an agency's application of the correct legal standard to those facts, a reviewing court must review the evidentiary record in order to determine there was not a *complete lack* of evidentiary support for an agency's decision and in order to ascertain the determining principle applied by the agency.

The circuit court did not err in scope by reviewing the evidentiary record. It was required to do so to determine whether the Civil Service Commission's decision was authorized by law. Rather, the circuit court erred in manner by failing to afford the Civil Service Commission proper deference. Because I believe the errors identified by the Court of Appeals discussed manner rather than scope, I concur in the Court's decision to deny leave to appeal.

McCORMACK, C.J., joins the statement of CAVANAGH, J.

BERNSTEIN, J., would remand this case to the Court of Appeals to apply the standard set forth in *Brandon Sch Dist v Mich Educ Special Services Ass'n*, 191 Mich App 257 (1991).





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 15, 2019

Clerk

t0312