On January 23, 2019, the Court heard oral argument on the application for leave to appeal the August 15, 2017 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
 

 Markman, J. (concurring).
 

 I concur with this Court's order denying leave to appeal. As Justice CAVANAGH observes in her concurring statement, although the predecessor Attorney General previously argued in this Court that the test set forth in
 
 Brandon Sch. Dist. v. Mich. Ed. Special Servs. Ass'n
 
 ,
 
 191 Mich. App. 257
 
 , 263,
 
 477 N.W.2d 138
 
 (1991) for determining whether an agency decision is "authorized by law" is inconsistent with the common understanding of Const. 1963, art. 6, § 28, the present Attorney General, as is her prerogative, expressly abandoned that position at oral argument.
 
 [1]
 
 Furthermore,
 as Justice CAVANAGH also observes, a review for whether the decision is "arbitrary and capricious"-which constitutes the fourth component of the
 
 Brandon
 
 test-contemplates a "minimum level of review of the evidentiary record in order to ensure that there is
 
 some
 
 evidentiary support for [the] decision." I write separately only to note that this Court by its order today does not decide that an "arbitrary and capricious" review
 
 does
 
 comport with the "authorized by law" standard, as the Court of Appeals held in
 
 Brandon
 
 .
 

 For the following reasons, it is at least reasonably arguable that the "authorized by law" standard does not include an "arbitrary and capricious" review.
 
 First
 
 ,
 
 Black's Law Dictionary
 
 (5th ed.) defines "authorize" as "[t]o empower; to give a right or authority to act. ... 'Authorized' is sometimes construed as equivalent to 'permitted' ...." From this definition, "authorized by law" essentially means "empowered by law to act." Arguably, whether an agency is empowered by law to act is determined
 
 only
 
 by reference to the presence or absence of a constitutional provision, statute, or regulatory enactment sustaining the underlying authority of the agency action.
 

 Second
 
 , the term "authorized by law" appears in multiple (specifically, six) other sections of our Constitution. And in those sections, "authorized by law" is used in a manner consistent with the above understanding of that phrase, i.e., as meaning only "empowered by law to act." For instance, Const. 1963, art. 12, § 2 provides that petitions to amend the Constitution "shall be filed with the person
 
 authorized by law
 
 to receive the same at least 120 days before the election at which the proposed amendment is to be voted upon." (Emphasis added.) This provision sets forth a straightforward reference to the person empowered by statute, the Secretary of State, to receive amendment petitions. See MCL 168.471. See also Const. 1963, art. 2, § 9 ; Const. 1963, art. 9, § 31 ; Const. 1963, art. 9, § 40 ; Const. 1963, art. 9, § 41 ; and Const. 1963, art. 9, § 42. There is no obvious reason why "authorized by law" in Const. 1963, art. 6, § 28 should be understood in a disparate manner from other constitutional provisions in which it appears to include review of the evidentiary record.
 

 Third
 
 , concluding that the "authorized by law" standard permits courts to consider the evidentiary record to assess agency findings of fact would seem to constitute a somewhat unorthodox reading of Const. 1963, art. 6, § 28 as a whole. That provision includes one, and only one, clause concerning court review of agency findings of fact: "[I]n cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record." That is, Const. 1963, art. 6, § 28 explicitly includes a provision allowing review of the evidentiary record, and that provision only pertains to "cases in which a hearing is required." By negative implication alone, that would arguably constitute the
 
 only
 
 circumstance in which review of the evidentiary record is allowed.
 

 Finally
 
 , although obviously not binding upon our interpretation of the Constitution, federal courts have asserted that an "arbitrary and capricious" standard of review and the "substantial evidence" test under the federal Administrative Procedure Act, 5 USC 551
 
 et seq
 
 ., are similar, if
 not identical, in assessing agency findings of fact. See, e.g.,
 
 AllCare Home Health, Inc. v. Shalala
 
 ,
 
 278 F.3d 1087
 
 , 1089 (C.A. 10, 2001) ("The arbitrary and capricious standard of review has been equated to the substantial evidence test."). Thus, if this Court included an "arbitrary and capricious" review in the "authorized by law" standard under Const. 1963, art. 6, § 28, it would conceivably lead to a peculiar outcome-to wit, the provision would
 
 explicitly
 
 provide for a "substantial evidence" test in cases in which a hearing is required and it would
 
 implicitly
 
 provide for the same examination of the record through an "arbitrary and capricious" review in cases in which a hearing is not required. Can this be what was understood by the ratifiers of our Constitution?
 

 Specifically, the Assistant Attorney General stated at oral argument in this regard that, in the Attorney General's own supplemental briefing to this Court, "we took the position that it would not have been understood at the time [of the Constitution's ratification in 1963] to include whether the decision is arbitrary and capricious. I can represent to the Court at this time that we are no longer advancing that argument, it is not necessary to reach that issue in this case, [and] we are not asking the Court to reach that issue ...."