**UNITED STATES of America,
Appellee,**

v.

**Joe DARKO, Appellant.**

**No. 04–3007.**

United States Court of Appeals, District of Columbia Circuit.

Sept. 24, 2004.

M. Elizabeth Kent, Washington, DC, for Defendant–Appellant.

Before HENDERSON and ROBERTS, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

ORDERED AND ADJUDGED that the judgment of conviction and sentence entered on December 18, 2003, be affirmed.

Appellant Joe Darko pleaded guilty to two heroin trafficking offenses and was sentenced to the statutory minimum of 120 months in prison. At his sentencing, the District Court denied Darko's motion for a downward departure for substantial assistance under 18 U.S.C. § 3553(e) and Section 5K1.1 of the United States Sentencing Guidelines because the Government had not sought such a departure on Darko's behalf. Darko contends this was error and now appeals.

1. In the absence of a government motion, "the District Court can grant relief only upon a showing of unconstitutional motive or a failure to meet the fundamental requirement that the Government's actions bear a rational relationship to some legitimate government objective." *In re Sealed Case*, 244 F.3d 961, 964 (D.C.Cir. 2001). Darko relies on the latter ground, but to no avail. The Government declined to file a substantial assistance motion on Darko's behalf because he falsely exonerated a co-defendant, Francis Asante, in his testimony to the grand jury. As a result of this testimony—and despite Darko's attempt to correct the mistake in a second grand jury appearance—the government

Martin D. Carpenter, Roy Wallace McLeese, III, Elizabeth Harper Danello, John Robert Fisher, Assistant U.S. Attorneys, U.S. Attorney's Office, Washington, DC, for Plaintiff–Appellee.

Roscoe Conklin Howard, Jr., Kenneth L. Wainstein, U.S. Attorneys, U.S. Attorney's Office, M. Elizabeth Kent, Law Office of

had to name Darko as a *Brady* witness and declined to call him at Asante's trial. There is ample evidence in the record that the Government's response was warranted. Its refusal to file a substantial assistance motion was grounded in the legitimate objective of having its witnesses testify truthfully before the grand jury.

■ 2. Darko also argues that the Government's refusal to file a downward departure motion was a breach of his plea agreement. A court may order the Government to file a motion where the Government's refusal "amounted to bad faith or otherwise violated the express terms of the plea agreement." *Id.* Neither is true here. First, the language of the agreement expressly reserves to the Government the discretion to make a substantial assistance determination. Like the agreement in *Sealed Case,* Darko's agreement obliges the Government to file a motion only if the Departure Committee finds that the defendant has provided substantial assistance. Second, the agreement specifically provides that Darko will "testify fully and truthfully before any Grand Jury." Appellee's Record Material at 27. With his false testimony to the grand jury, Darko himself breached the agreement. He cannot have been surprised when the Government, in turn, declined to file a substantial assistance motion on his behalf.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).