**UNITED STATES of America**

**v.**

**Harry Phillip ZAKAS, Defendant.**

**Civil Action No. 10–1914(RCL).**
**Criminal No. 08–10(RCL).**

United States District Court,
District of Columbia.

June 20, 2011.

---

S. Elisabeth Poteat, Susan Beth Menzer, U.S. Department of Justice, Washington, DC, for United States of America.

David Walker Bos, Federal Public Defender for D.C., Washington, DC, for Defendant. .

## MEMORANDUM OPINION & ORDER

ROYCE C. LAMBERTH, Chief Judge.

Before the Court is defendant Harry Zakas's Motion Pursuant to 28 U.S.C. § 2255 to Vacate Sentence Due to Government's Breach of Plea Agreement. Upon consideration of the motion, the government's opposition, the reply thereto, the entire record herein, and the applicable law, the Court will deny defendant's motion for the reasons set forth below.

## I. *FACTUAL AND PROCEDURAL BACKGROUND*

On January 18, 2008, defendant signed a written cooperation agreement with the government. Plea Agreement [10]. The plea agreement provided, in relevant part:

6. Cooperation: Your client agrees to cooperate with the Office of the United States Attorney for the District of Columbia on the following terms and conditions:

(f) *Your client understands that the determination of whether your client has provided substantial assistance* pursuant to either Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e), as more fully explained later in this agreement, *is within the sole discretion of the* United States *Attorney's Office for the* District of Columbia and is not reviewable by the *Court.* Your client understands that if the Government does not file a motion for downward departure, the Court may not grant a downward departure pursuant to Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e). In any event, your client specifically agrees not to seek a downward departure, without a government motion, based on any assistance provided in the investigations or prosecutions of any [other] persons

who have committed a federal, state, local, or any other offense.

*Your client agrees and acknowledges that the failure of this Office to file a substantial assistance departure motion shall not be grounds for your client to move to withdraw your client's plea of guilty in this case or otherwise relieve your client of his obligations under this agreement.*

14. The Government's Obligations, Acknowledgements, and Waivers: In exchange for his guilty plea, the government agrees to:

(b) inform the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia about the nature and extent of your client's cooperation; *and if the Departure Guideline Commit tee ... determines that your client has provided substantial assistance, then this Office will file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines.*

*Id.* (emphasis added). On March 4, 2008, defendant pleaded guilty, pursuant to his plea agreement, to one count of Wire Fraud in violation of 18 U.S.C. § 1343 and one count of Tax Evasion in violation of 26 U.S.C. § 7201.

The Court continued defendant's sentencing—twice on the government's motion [13,], and three times on defendant's motion [18, 20, 23]—because defendant's cooperation with the government was still ongoing. On April 14, 2009, the government filed its Sentencing Memorandum, advising the Court that the Departure Guideline Committee "has determined that defendant has not provided substantial assistance, pursuant to Section 5K1.1 of the Sentencing Guidelines. As such, the gov-

ernment does not intend to file a Motion for a Downward Departure." Sentencing Memorandum 1[25]. The government further stated that defendant's "contacts with law enforcement were sporadic and did not rise to the level of substantial assistance." *Id.* at 6. Accordingly, the government believed that "a sentence including a period of incarceration for 41 months and an order of restitution is necessary, reasonable, and appropriate in this case." *Id.* at 7. The Court denied [34] defendant's subsequent motion to continue sentencing [26], ordering that "sentencing will be done without reference to the Government Sentencing Memorandum."

On April 15, 2009, the Court sentenced defendant to concurrent terms of 41 months' incarceration on both counts, to be followed by concurrent terms of 36 months' supervised release. The Court also ordered defendant to pay $863,637 in restitution. On May 4, 2009, defendant filed a notice of appeal. He sought to dismiss his appeal one year later, asserting that his counsel "could detect no errors in the pleas proceedings, and that the sentence imposed, which was at the low end of the applicable range of the U.S. Sentencing Guidelines, was not illegal." Government's Opposition, Exh. 1. His motion to dismiss further asserted that "his case presents no non-frivolous issues that might be raised on appeal." *Id.* The U.S. Court of Appeals for the D.C. Circuit granted defendant's motion and dismissed the appeal. Order of United States Court of Appeals, Apr. 9, 2010, 2010 WL 1632640 [41]. On October 26, 2010, defendant filed the instant § 2255 motion.[1]

## II. *LEGAL STANDARD*

■ Under 28 U.S.C. § 2255, a prisoner in custody under sentence of a federal

---

1. Subsequent to the filing of his § 2255 motion, defendant's case was transferred from

Judge Robertson to Chief Judge Lamberth.

court may move the sentencing court to vacate, set aside, or correct its sentence if the prisoner believes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 is an extraordinary remedy in light of society's legitimate interest in the finality of judgments. Indeed, "[t]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady,* 456 U.S. 152, 166, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Nonetheless, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon." 28 U.S.C. § 2255(b). The defendant bears the burden of proving his claims by a preponderance of the evidence. *United States v. Simpson,* 475 F.2d 934, 935 (D.C.Cir.1973).

■ A district court lacks authority to impose a sentence below the applicable sentencing guidelines range based on a defendant's substantial assistance unless the government has moved for a downward departure under U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e); *Wade v. U.S.,* 504 U.S. 181, 185, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). The fact that a defendant has provided substantial assistance gives the government "a power, not a duty" to move for a downward departure. *Wade,* 504 U.S. at 185, 112 S.Ct. 1840. Thus, the Supreme Court has held that a district court has authority to review the government's refusal to file a substantial assistance departure motion only if the court finds that the refusal was based on an unconstitutional motive, such as the defen-

dant's race or religion, or that the refusal was "not rationally related to any legitimate [g]overnment end." *Id.* at 185–87, 112 S.Ct. 1840; *see also In re Sealed Case,* 244 F.3d 961, 964 (D.C.Cir.2001). In the context of a plea agreement, a court may compel the filing of a departure motion only if the government's refusal "amounted to bad faith or otherwise violated the express terms of the plea agreement." *In re Sealed Case,* 244 F.3d at 964; *see also In re Sealed Case,* 181 F.3d 128, 142 (D.C.Cir. 1999).

■ "It follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." *Wade,* 504 U.S. at 186, 112 S.Ct. 1840. Rather, a defendant must make a "substantial threshold showing" of improper motive. *Id.* "[A]lthough a showing of assistance is a necessary condition for relief, it is not a sufficient one." *Id.* at 187, 112 S.Ct. 1840. Indeed, as the Supreme Court has explained, the government's refusal to file a departure motion "may have been based not on a failure to acknowledge or appreciate [the defendant's] help, but simply on its rational assessment of the cost and benefit that would flow from moving." *Id.*

### III. *DISCUSSION*

■ Defendant asks the Court to vacate his sentence because the government "breached its agreement to request a sentence reduction under U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553(e) before sentencing in return for his substantial assistance in criminal matters unrelated to this case." Defendant's Motion 1. Specifically, defendant asserts that the government, in entering into a plea agreement with him, knew that he "had no codefendants against

whom he could provide incriminating information" and that his "involvement would not produce prosecutions in the short term." *Id.* at 9. He further argues that the government did not refute his claim at sentencing that he had fully cooperated with the government. *Id.* at 10. He thus contends that "the government cannot justify refusal to file a § 5K1.1 motion by its failure to initiate cases in the 15 months between the plea and sentencing." *Id.* at 9.

The Court finds that defendant is not entitled to relief under 28 U.S.C. § 2255. At the outset, the Court notes that the government, under the terms of defendant's plea agreement, retained "sole discretion" to file a departure motion. *See* Plea Agreement [10]. In signing the agreement, the government expressly preserved its broad discretion to determine whether defendant had provided substantial assistance. *See In re Sealed Case*, 244 F.3d at 964 (reviewing a similarly worded plea agreement and holding that the government, in preserving its discretion to determine what constituted substantial assistance, did not breach the agreement by failing to file a departure motion). Indeed, the record establishes that the government, pursuant to defendant's plea agreement, submitted information about his cooperation to the Departure Guideline Committee. *See* Sentencing Memorandum 1[25]. Because the Departure Guideline Committee determined that defendant had not provided substantial assistance, the government—consistent with the terms of the plea agreement, and within its discretion—chose not to file a departure motion.

Furthermore, defendant has not alleged—let alone established—that the government's decision was based on an unconstitutional motive or was not rationally related to any legitimate end. Defendant merely claims that he provided substantial assistance and that the government, aware that his cooperation would result in no additional prosecutions, acted in bad faith in choosing not to file a departure motion. Defendant's claim that he provided substantial assistance is insufficient here. *See Wade,* 504 U.S. at 186, 112 S.Ct. 1840. Moreover, his allegation of bad faith is far too conclusory to constitute the "substantial threshold showing" necessary for relief. *See id.* Simply put, defendant points to nothing in the record indicating that the government's decision was not based "simply on its rational assessment of the cost and benefit that would flow from moving." *Id.* at 187, 112 S.Ct. 1840.

## IV. CONCLUSION

Defendant has failed to show that the government's decision not to file a departure motion was based on an unconstitutional motive or was not rationally related to any legitimate end. The Court thus finds that he is not entitled to relief under 28 U.S.C. § 2255. Furthermore, because the motion, files, and records in this case "conclusively show that the prisoner is entitled to no relief," no evidentiary hearing is required. 28 U.S.C. § 2255(b). Accordingly, it is hereby

ORDERED that defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate Sentence Due to Government's Breach of Plea Agreement is DENIED.